## CHARLES M. HANKINS et al., Respondents, v. ABNER BAKER et al., Appellants.

R., a broker, offered to defendants ten casks of prunes, which they agreed, orally, to take. R. executed and delivered to plaintiffs a bought note in defendants' name for the prunes, and received from plaintiffs a warehouse delivery order therefor, which order he delivered to defendants, who received and retained it and requested R. to sell the goods for them. The ten casks had been separated and weighed to plaintiffs and were all they owned at the warehouse, on which the delivery order was given.

*Held*, that the action of defendants was an adoption and ratification of the acts of R.; and the signature and delivery by him of the bought note, made a valid contract for the sale of the goods within the statute of frauds. Also, that there was a sufficient delivery to charge defendants and maintain an action for goods sold and delivered.

(Argued ; decided December 12th, 1871.)

APPEAL from judgment entered upon order of the General Term of the Superior Court of the city of New York, overruling defendants' exceptions and directing judgment for plaintiffs upon verdict.

On the 22d August, 1868, Josiah Rich, Jr., a broker, who had received orders from plaintiffs to sell ten casks of prunes, offered them to defendant, for fourteen and seven-eighths cents per pound (currency), thirty days time.  Defendants orally agreed to take them.  Rich thereupon gave notice to plaintiffs of the sale, and executed and delivered to them the following broker's contract or bought note :

"NEW YORK, *August* 22, 1868.

Purchased for account of Messrs. Baker & Co., of Messrs. Hankins & Williams, at (30) thirty days, (10) ten casks Turkish prunes @ (14⅞) fourteen and seven-eighths cents, c'cy, per pound.

JOSIAH RICH, JR.,

*Broker in Fruits and General Merchandise,*

[5 c. Rev. Stamp.]                     85 Beaver St."

Plaintiffs held a warehouse delivery order for the goods, which they indorsed and delivered to Rich.  He delivered the same to defendants who accepted and retained it, and requested Rich to sell the prunes whenever he could get a profit.  After the thirty days had elapsed one of the plaintiffs called upon defendants for the pay.  They asked to have the matter left for a few days, as they had $10,000 to raise. The prunes had been weighed for plaintiffs at the time they bought.  They received from the vendors the warehouse order delivered to Rich.

At the close of plaintiffs' evidence defendants' counsel moved to dismiss the complaint upon the following grounds :

First. That the agreement to purchase was within the statute of frauds and void, because no memorandum was subscribed by the defendants or by their authority, and because no memorandum was subscribed by or on behalf of the

plaintiffs, and because there was no acceptance of the prunes by the defendants.

Second. The action is for goods sold and delivered, and there is not sufficient proof of delivery.

Third. The alleged agreement was not for any specific prunes, nor at the time it was made were the ten casks designated, or their weights known. The defendants have not authorized or assented to the designation or appropriation to the agreement of any particular prunes. No property in any prunes has, therefore, passed to them.

The court denied the motion, and the defendants' counsel excepted.

No testimony was offered by the defendants, and the jury, under the direction of the court, rendered a verdict for the plaintiffs for the sum of $2,128, including interest.

The court ordered judgment to be suspended, and directed the defendants' exceptions to be heard, in the first instance, at the General Term.

*Edwards & Odell,* for appellants. The broker was not the agent of defendants. He was employed by and acted solely for the plaintiffs. (2 Smith's Leading Cases, 315, note to *Wain* v. *Walters; Aguire* v. *Allen,* 5 Leg. Obs., 380; Bk. Lt. 17, § 1, art. 1; Story on Agency, § 31; Pars. Merc. Law, 161; 10 Barb., 74; *Sale* v. *Darragh,* 2 Hilt., 184; *Davis* v. *Shields,* 26 Wend., 341; *Shaw* v. *Finney,* 13 Met., 453; Brown on Frauds, 369; *Moore* v. *Campbell,* 10 Ex., 323.) Defendants' agreement void by the statute of frauds. (3 R. S., 222, § 3, subd. 1, subd. 2; *Rodgers* v. *Phillips,* 40 N. Y., 416.) There was no delivery. The action will not lie. (*Evans* v. *Harris,* 19 Barb., 416; *Suydam* v. *Clark,* 2 Sand., 133; *Stanton* v. *Small,* 3 Sand., 230; *McEwan* v. *Smith,* 2 H. of L. Cases, 309; *Frina* v. *Howe,* 16 M. & W., 119; Blackburn on Sales, 297; *McIlvane* v. *Egerton,* 2 Robt., 424; *Briggs* v. *Sizer,* 30 N. Y., 653.) An acceptance of the goods necessary. There was none. (Story on Contracts, § 792, a.; Benj. on Sales, 127; *Shindler* v.

*Houston,* 1 Com., 261; Id., per WRIGHT, J., 269; *Brand* v. *Focht,* 5 Abb., N. S., 225; *Outwater* v. *Dodge,* 6 Wend., 397; *Kent* v. *Hutchinson,* 3 Bos. & Pul., 232; *Bentall* v. *Burn,* 3 B. & C., 423; *Boardman* v. *Spooner,* 13 All., 353; *Gill* v. *Pavenstedt,* 7 Am. L. Reg. (N. S.), 672; *Rogers* v. *Phillips,* 40 N. Y., 519. The agreement was executory. No title passed to defendants. (Benj. on Sales, 241; *Wallace* v. *Breeds,* 13 East, 522; *Burk* v. *Davis,* 2 M. & S., 397; *Austin* v. *Craven,* 4 Taunt., 644; *Shepley* v. *Davis,* 5 id., 617; *Gillett* v. *Hill,* 2 C. & M., 530; *Crofoot* v. *Bennett,* 2 N. Y., 259; *Gardner* v. *Suydam,* 7 id., 357; *Campbell* v. *Mersey Docks,* 14 C. B., N. S., 412; *Godts* v. *Rose,* 17 id., 229; *Jenner* v. *Smith,* L. R., 4 C. P., 270; Blackburn on Sales, 151, 152; *Hanson* v. *Meyer,* 6 East, 614; *Zagury* v. *Furnell,* 2 Campb., 240; *Joyce* v. *Adams,* 8 N. Y., 291; *Terry* v. *Wheeler,* 25 id., 525; *Fitch* v. *Beach,* 15 Wend., 221; *Ward* v. *Shaw,* 7 id., 404; Story on Contracts, § 800; *Simmons* v. *Swift,* 5 B. & C., 857; *Logan* v. *Le Mesaurier,* 6 Moore, 116; *Reimers* v. *Ridner,* 2 Robt., 21; *Gill* v. *Pavenstedt,* 7 Am. L..R., N. S., 676.)

*Quackenbos & Shaw,* for respondents. This case not within statute of frauds. (2 Kent's Com., 10th ed., 715; Story on Agency, 5th ed., §§ 28–31; Paley on Agency, 171, note *p;* Parsons' Merc. Law, 161; *Rucker* v. *Commeyer,* 1 Esp., 10; *Hinde* v. *Whitehouse,* 7 East, 558–569; *Kimble* v. *Atkins,* 7 Jur., 260; *Hinckley* v. *Arey,* 27 Me., 362; *Graves* v. *Legg,* 34 Eng. L. & E., 489; Hilliard on Sales, 63, 64, 477, § 18; *McWhorter* v. *McMahon,* 10 Paige, 386; *Champlin* v. *Parish,* 11 id., 405; *Laurence* v. *Taylor,* 5 Hill, 107; *Maclean* v. *Dunn,* 4 Bing., 722; Paley on Agency, 143.) The acceptance by defendants of the warehouse order was a delivery of the goods. (Hilliard on Sales, 89, 94, 95; *Searle* v. *Reeves,* 2 Esp., 598; *Hollingsworth* v. *Napier,* 3 Caines, 182; *Pleasant* v. *Pendleton,* 6 Rand., 473; *Sigerson* v. *Harker,* 15 Miss., 101; *Jewett* v. *Warren,* 12 Mass., 300; *Bedlam* v. *Tucker,* 1 Pick., 389; *Rice* v. *Austin,* 17 Mass., 197; *Wilkes* v. *Ferris,*

5 Johns., 335; *Howes* v. *Starkweather*, 17 Mass., 240; *Stanton* v. *Small*, 3 Sandf., 240; Story on Sales, §§ 301, 311; *Shindler* v. *Housten*, 1 Comst., 266; *Dunham* v. *Pettee*, 4 Seld., 508; *Archer* v. *Zeh*, 5 Hill, 205.)

FOLGER, J. If it be conceded as it must, that the defendants did not in person sign any note or memorandum of the contract, and if it be further conceded that Rich was not an agent of the defendants when he signed the bought note, and that unless he was their agent by authority or adoption, they would not be bound thereby, there yet remains the question whether they did not afterward ratify his acts and so make them their own and thus become bound.

It appears in the testimony that Rich was a broker for the sale of this kind of goods, and was known to the defendants as such; that he had offered to the defendants other lots of them, which the defendants had declined to purchase; that he then offered to them these ten casks, which they agreed orally to take; that he then left the defendants, but soon returned to them with the plaintiffs' warehouse delivery order for the ten casks, which order he delivered to them; that they received and retained it and requested Rich to sell the goods for them, if he could get a profit; that afterward as the testimony tends to show, the defendants went and examined the goods, and, when called upon by the plaintiffs for payment, they did not deny their liability but asked for lenity. An inspection of the warehouse delivery order shows that it came from the plaintiffs, and gave to the defendants the knowledge or the means of knowledge, that the plaintiffs were the vendors of the goods.

It is held, that though there is no employment of a person in the first instance his acts may be subsequently adopted. The adoption relates back to the time of the original transaction, and is deemed in law the same to all purposes, as if authority had been given before. (*Lawrence* v. *Taylor*, 5 Hill, 107; *Maclean* v. *Dunn*, 4 Bing., 722; 15 E. C. R., 129.) It seems then, that the action of the defendants, being with

knowledge of the acts of Rich, was an adoption of those acts and a ratification of them. (*Maclean* v. *Dunn, supra.*)

And as Rich, when he signed and delivered to the plaintiffs the bought note, did make a note or memorandum of the contract in writing subscribed by the party to be charged thereby, there was a valid contract for the sale of the goods. (*Maclean* v. *Dunn, supra.*)

Holding that there was a valid contract of sale, we need treat the question of a delivery only as it was necessary to charge the vendees on that contract, and to put the goods at their risk and maintain an action for goods sold and delivered. There was no manual delivery. But an actual delivery is not required. A symbolical delivery suffices. A delivery of an order on a warehouseman may be enough. (*Hollingsworth* v. *Napier*, 3 Caines, 132, and note *a;* and see *Dunham* v. *Mann*, 4 Seld., 508.) Nor did anything remain to be done to the goods by the plaintiffs. They had been weighed to the plaintiffs, and reweighed for the defendants. They had been separated to the plaintiffs from the larger quantity owned by their vendors. These ten casks were all that the plaintiffs owned at the warehouse on which the delivery order was given. So that it was these specific ten casks which the plaintiffs sold and delivered to the defendants. And though no testimony was given of the weight, yet that is alleged in the complaint, and, as no point was made of it upon the motion for a nonsuit, it must have been assumed at the trial as correctly stated therein. It was an omission so easily supplied, had attention been called to it, that we would not be warranted in now reversing a judgment because of it.

The judgment appealed from should be affirmed, with costs to the respondents.

All concur.

Judgment affirmed.