IDA MABIE, Respondent, *v.* LEWIS H. BAILEY, as Executor, etc., Appellant.

In an action to recover an alleged trust fund these facts appeared : B., defendant's testator, made a deposit of $400 in a savings bank, which was credited in an account opened with him in trust for plaintiff; he received a pass-book in which a statement of the account as so opened was entered ; B. exhibited to plaintiff's mother, who was his step-daughter, the pass-book and other pass-books containing entries of similar deposits in favor of herself, her husband and her other children, and in reply to a question why he could not let them have the money then replied that it would do them more good thereafter. In subsequent conversations the

Statement of case.

deposits were recognized by B., as a provision for the family.   On the part of the defense it was shown that the bank in which the deposits were made paid greater interest on deposits less than $500 than upon larger sums; that B. made a large number of other deposits, some before and some after the one in question, in sums less than $500, in his own name as trustee, some without naming any beneficiary, others giving a letter which represented no person. All of the deposits were subsequently drawn out by B. *Held*, that the evidence showed conclusively an intent on the part of B. to create a trust for the benefit of plaintiff, and a refusal to submit the question to the jury was not error; that while the deposits, made without naming any beneficiary, fairly indicated a purpose not to part with the beneficial ownership, they did not show a like intention in making the deposits for plaintiff or other known persons, but on the contrary, tended to support an inference of a different intent; that the fact of the withdrawal of the deposits did not legitimately tend to show that when they were made B. did not intend to create a beneficial trust for the beneficiaries named; also that the trust once created, without reservation of a power of revocation, was irrevocable.

*It seems* that the character of such deposit, as creating a trust, is not conclusively established by the mere fact of the deposit, but that cotemporaneous facts and circumstances, constituting *res gestæ*, may be proved to show that the real motive of the depositor was not to create a trust (ANDREWS, J.).

Defendants pleaded the statute of limitations. *Held*, that, assuming the statute applies in such a case, the withdrawal of the deposit was not, so far as the case disclosed, in hostility to the trust, as it was competent for B., holding the legal title to the fund as trustee, to withdraw it for the purpose of making another investment, or for any purpose not inconsistent with the trust; and that the right of action did not accrue until the death of B., which presumptively was the period when the trust terminated.

Also, *held*, that plaintiff was entitled to interest from the time of the withdrawal.

(Argued February 5, 1884; decided February 26, 1884.)

APPEAL from judgment in favor of plaintiff of the General Term of the Court of Common Pleas, in and for the city and county of New York, entered upon an order made March 15, 1883, which overruled defendant's exceptions and directed judgment upon a verdict.

This action was commenced in 1881 to recover the sum of $475.22, with interest from July 8, 1867, which the complaint alleged, and the proof showed was on that day with-

drawn by Benjamin Bailey, defendant's testator, from the New York Savings Bank, where it was on deposit in the name of said testator as trustee for plaintiff.

The account was opened in 1864 by the deposit of the sum of $400 by the testator, which was credited to an account opened in the name of "B. Bailey in trust for Ida Mabie." A pass-book was delivered to him by the bank in which the account was thus entitled: "New York Savings Bank in account with B. Bailey, in trust for Ida Mabie." Mr. Bailey died in July, 1879.

The further material facts appear in the opinion.

*William F. Cogswell* for appellant. The evidence as to the intention of the testator was admissible and controlled the case. (*Weitzel* v. *Chapin*, 3 Brad. 386 ; *Martin* v. *Funk*, 75 N. Y. 134 ; *Baybrook* v. *Five Cent S'vgs B'k*, 104 Mass. 228.) The plaintiff's cause of action if she ever had any was barred by the statute of limitations. (*Hubbell* v. *Medbury*, 53 N. Y. 98.) Nor is the statute saved by the disability of the plaintiff. (Code of Procedure, § 101.) The plaintiff is not helped by the provision of the statute, that the term of eighteen months after the death of any testator or intestate shall not be deemed any part of the time limited by law for the commencement of action, against his executors or administrators. (2 R. S. 448, § 8, margin, repealed by the Laws of 1877, but preserved in § 403, Code of Civil Procedure.)

*Thomas Allison* for respondent. Plaintiff's right to recover does not require her to establish that defendant's testator intended a present gift to plaintiff of the money in question. (*Young* v. *Young*, 80 N. Y. 422, 430, 440.) There was in the case at bar, an express declaration of trust by defendant's testator in favor of plaintiff and by virtue of it the plaintiff became the *cestui que trust*, and defendant's testator became her trustee as to the money now in question. (*Martin* v. *Funk*, 75 N. Y. 134, 141, 142; *Boone* v. *City S'vgs B'k*, 84 id. 83, 86; *Willis* v. *Smyth*, 91 id. 297, 299.) The withdrawal of this money from the bank by the testator some three years

after it was deposited did not go to disprove the intent to make a trust when it was deposited. (*Minor* v. *Rogers*, 40 Conn. 512; *Martin* v. *Funk*, 75 N. Y. 143, 144; *Willis* v. *Smyth*, 91 id. 301.) If a trust in favor of plaintiff was created, then the testator had no power of revocation. (*Martin* v. *Funk*, 75 N. Y. 143, 144; *Willis* v. *Smyth*, 91 id. 301.) A trust terminating on the death of the testator or the majority of the plaintiff, and an accumulation of the interest during plaintiff's minority would be a lawful trust. Such a trust is the only one consistent with all the facts of this case. (R. S., part 2, chap. 4, title 4; Savings B'k Act, chap. 371, Laws of 1875, § 24.) This was an express trust cognizable in equity, and no lapse of time was a bar, as between the trustee and *cestui que trust*. (*Decouche* v. *Savetier*, 3 Johns. Ch. 190; *Goodrich* v. *Pendleton*, id. 384; *Kane* v. *Bloodgood*, 7 id. 122; *Neilly* v. *Neilly*, 23 Hun, 654.)

ANDREWS, J. The case of *Martin* v. *Funk* (75 N. Y. 134; 31 Am. Rep. 446) decided that a deposit made in the form of the deposit in this case constituted a trust and, unexplained, operated to transfer the beneficial interest in the deposit to the beneficiary named, subject to the conditions of the trust to be implied from the circumstances. In this case the intention of Dr. Bailey, in making the deposit to create a beneficial trust for the plaintiff, is not left to inference from the mere fact of the deposit, and the record of the transaction contained in the books of the bank, and the pass-book. The plaintiff is the grand-daughter of Dr. Bailey's first wife, her mother being the child of Mrs. Bailey by a former husband. In 1860 or 1861, when about three years of age she went to live with Dr. Bailey and remained in his family about four years. The deposit was made in 1864, and after it had been made, on an occasion when the plaintiff's mother was at Dr. Bailey's house, he exhibited to her the pass-book representing the deposit in question, and also other pass-books containing (as was shown on the trial) entries of similar deposits in favor of herself, her husband and her other children, and, without stating the amount of the sev-

eral deposits, informed her that the deposits for the children were large enough to amount to something when they grew up. He also in reply to her question, "why he could not let us have the money now," replied, "it would do us more good hereafter." The subject of the deposit was spoken of between Dr. Bailey and the witness on several subsequent occasions, in which the provision made for the family was recognized, and no change of intention on his part was indicated. These facts, which were proved without contradiction, confirm the proof furnished by the bank-books and pass-book of the creation of a trust, and exclude the supposition that the transaction was not intended to be that which the written evidence unexplained imports.

The trial court directed a verdict for the plaintiff and refused the request of the defendant's counsel to submit to the jury the question whether the testator intended, by the deposit of the money in his name as trustee for the plaintiff, to create a trust for her benefit. The court in *Martin* v. *Funk* left undecided the point whether in respect to such a transaction, "surrounding circumstances may not be shown to vary or explain the apparent character of the acts and the intent with which they were done." If it was now necessary to decide that point, I should incline to the opinion that the character of such a transaction, as creating a trust, is not conclusively established by the mere fact of the deposit, so as to preclude evidence of contemporaneous facts and circumstances constituting *res gestæ*, to show that the real motive of the depositor was not to create a trust, but to accomplish some independent and different purpose inconsistent with an intention to divest himself of the beneficial ownership of the fund. But however this may be, we think in this case there was no legitimate evidence to rebut the *prima facie* inference from the deposit in the form found, considered in connection with the other affirmative evidence of the intention of the testator, furnished by the plaintiff. The fact that a large number of other deposits of the same general character were made by the testator, some before and some after the one in question, and that they

were made in sums of $500, or less, and therefore were entitled, under the rules of the bank to a higher rate of interest than deposits of a larger amount, is not inconsistent with a purpose on the part of the testator to create a personal trust of portions of his money in bank for the future benefit of the persons indicated. The deposits made in the name of the testator as trustee without naming any beneficiary, or in his name as trustee for A., B., C., D., etc., do fairly indicate a purpose not to part with the beneficial ownership of the deposits, but they do not show that he had the same intention in making the deposit for the plaintiff, or other known persons. On the contrary, they tend to support the inference of a different intent; as, if the same intention existed, deposits to the credit of the letters of the alphabet, or to his own credit as trustee, naming no beneficiary, could have been made indefinitely.

The fact that the deposits for the plaintiff and others were subsequently, in 1867, drawn out by Dr. Bailey, is not legitimate evidence that he did not intend when the deposits were made to create a beneficial trust for the beneficiaries named. If the withdrawal was with intent on his part to ignore the trust and to convert the money to his own use, it might be competent evidence of a change of purpose, but it throws no light on the original transaction.

We think the facts shown on the part of the defendant, if competent at all, were so vague and indeterminate that they cannot be considered as raising a conflict as to the intention of the testator, or in weakening the strong affirmative evidence of intention given on the part of the plaintiff. The court was therefore justified in refusing to submit the question to the jury. The trust once established, and no power of revocation having been reserved, it was within the authorities irrevocable. (*Minor* v. *Rogers*, 40 Conn. 512; 16 Am. Rep. 69; *Martin* v. *Funk*, *supra*.)

We think the defense of the statute of limitations was not made out, supposing the statute applies in such a case. The withdrawal of the deposit, in 1867, was not so far as the case discloses in hostility to the trust. The testator held the legal

title to the fund as trustee, and it was competent for him to withdraw it to make another investment, or for any purpose not inconsistent with the trust. (*Boone* v. *Citizens Savings B'k,* 84 N. Y. 83.) There is no evidence that he ever repudiated the trust, and no presumption that he did so can be indulged to let in the defense of the statute of limitations. The right of action upon the facts presented did not accrue until the testator's death, which presumptively upon the evidence was the period when the trust terminated.

We think interest was properly allowed from the time of the withdrawal, and that the exception does not raise any question as to the rate.

The judgment should be affirmed.

All concur.

Judgment affirmed.