ELIZA M. ORR, RESPONDENT, *v.* MARGARET McGREGOR, ADMINISTRATRIX, ETC., OF WILLIAM McGREGOR, DECEASED, APPELLANT, IMPLEADED WITH THE ROCHESTER SAVINGS BANK.

*Deposit of money in a savings bank, by one person to the credit of another — when the depositor does not thereby lose his title to the money.*

In June, 1879, the plaintiff deposited in a savings bank the sum of $140, and received a pass-book, in which that amount was credited to William McGregor, and thereafter she deposited the sum of fifteen dollars to his credit in the same pass-book. In the pass-book were the by-laws of the bank, providing that moneys deposited should be drawn out by the depositor or some one legally authorized by him or by his legal representatives, but that no person should receive any part of it without producing the pass-book, and that all payments made to persons producing the deposit-book should be deemed valid payments to the depositors. The money deposited belonged to the plaintiff, who took and retained the pass-book in her possession. McGregor died in October, 1885, without having been informed of the deposit of the money to his credit.

Upon the trial of this action, brought by the plaintiff to compel the administratrix of McGregor to draw the money from the bank and pay it to her, the plaintiff testified, in substance, that when she deposited the money she intended

to give McGregor the money, but not to deliver it to him while she was living; that he was not to have it so long as she lived, although if they had become good friends sne might have handed him the book; that she had not then decided that the money should be his after her death.

The trial court found that the plaintiff did not part with the title to the fund, and that McGregor never acquired any title to it, and directed a judgment awarding to her the relief sought.

*Held*, that the judgment should be affirmed.

While the deposit of one's own money in a savings bank to the credit of another, without any qualification expressed at the time, is of itself *prima facie* evidence of a gift to the latter of the fund deposited, yet an intent to the contrary may be shown.

The retention by a depositor, of a pass-book containing such provisions as to the withdrawal of moneys deposited as were contained in the one given to the plaintiff, and his failure to notify the person to whom the credit is given, indicate an intention on the part of the depositor not to perfect the gift at the time of making the deposit.

APPEAL from a judgment, entered on the decision of the Ontario Special Term.

The action was brought against the appellant and the Rochester Savings Bank, to require the former to execute to the plaintiff a check or order on the bank, and for direction to it to pay an amount standing in the bank to the credit of William McGregor, the defendant's intestate. The appellant alone defended. The trial court directed judgment for such relief in favor of the plaintiff, from which this appeal is taken.

*Henry M. Field*, for the appellant.

*J. Henry Metcalf*, for the respondent.

BRADLEY, J.:

The plaintiff deposited in the Rochester Savings Bank, in June, 1879, $140, and took a deposit pass-book in which the amount was credited to William McGregor, and in December following she deposited fifteen dollars, which was, in like manner, credited to him in the pass-book. McGregor died in October, 1885, and the defendant, his widow, became administratrix of his estate. She declined to execute to the plaintiff a check to enable her to draw the money from the bank. And thereupon this action was brought. On its deposit the money became that of the bank, and the relation

of debtor and creditor was apparently created between it and William McGregor. At the time of the deposit the money belonged to the plaintiff, who took and retained the pass-book in her possession, and, so far as appears, McGregor was not advised that the money was, or had been deposited to his credit. As between him and the bank, he was by this credit to him, *prima facie*, the creditor of the bank, and entitled to draw upon it for the amount of the fund.

The statute, however, provided that the money could not be drawn without the production of the pass-book (Laws 1875, chap. 371, § 32, as amended by Laws 1878, chap. 347, § 1), subject to the power of the trustees by means of by-laws to dispense with its production in certain exceptional cases. (Id.) The by-laws contain the unqualified requirement that it be produced. And in the pass-book delivered to the plaintiff appeared the by-laws of the bank, to the effect that money deposited shall be drawn out only by the depositors or some one legally authorized by them, but no person shall receive any part of it without producing the pass-book. That on the decease of a depositor, the amount to his credit shall be paid to his legal representatives; and that all payments made to persons producing the deposit-book shall be deemed valid payments to the depositors. Being the owner of the money, the plaintiff at the time of making the deposit had the right to apply such terms and conditions to the right to draw it from the bank as she pleased. The by-laws contained in the pass-book constituted a part of the contract under which the deposit was made, and the book imported the liability of the bank arising out of the transaction of the deposits made by the plaintiff. (*Smith* v. *Brooklyn Savings Bank*, 101 N. Y., 58.)

The question here is, whether this sum deposited became an accomplished gift of the money, or the liability of the bank for its amount, to William McGregor. And in view of the various authorities on the subject, it is not free from difficulty. The fact that the deposit was made to his credit is evidence of his right to it, but the attending circumstances are competent evidence upon the question of the intent of the depositor in so making it. (*Mabie* v. *Bailey*, 95 N. Y., 206; *Brabrook* v. *Boston, etc., Savings Bank*, 104 Mass., 228.) It does not appear that the plaintiff said anything at the time of making the deposit qualifying the purpose of the

credit to McGregor. She took the pass-book into her possession. It contained the contract which represented the liability of the bank to pay, and in it was expressed the terms upon which the right to draw the money depended. This denied to him the right to draw it without the production of the book. The fact that the plaintiff kept the book in her possession and under her control may bear somewhat upon her intent. And in respect to her purpose, she, upon the trial, was asked and answered questions as follows: "At the time you deposited the money, did you intend to give him the money by depositing it in the bank? A. Yes; if I hadn't I wouldn't have put it in his name. Q. Did you intend to deliver it to him? A. I never intended to deliver it to him while I was living. Q. You mean that you intended the money should be his after your decease; A. I never had come to the decision, but never as long as I lived he wasn't going to have it; it might probably have happened if he and I had got good friends, I might have handed him the book."

The trial court found that the plaintiff did not part with the title to the fund by the depositing it in the bank to the credit of McGregor, and that he never acquired title to it. And we are inclined to think this conclusion was supported by the evidence. If she intended at the time, and by the act of deposit, to give him the money, his right to it then became complete, although she retained the pass-book, and she would be deemed to have held it in trust for him. But if her intention was to not then consummate the gift, and with that view she retained the possession of the book, the act of donation was not an accomplished fact, but may have rested in her intention to complete it at some future time. The evidence seems to permit such an inference. The book represented the undertaking of the bank to pay, as well as the conditions which must be observed in seeking payment from it, and had the character of a chose in action. It is in that view that it has been held that a gift of a fund deposited, or the liability of such a bank to pay it, may be made and consummated by delivery to the donee of a pass-book, with intent to thus invest title in him. (*Camp's Appeal*, 36 Conn., 88; S. C., 4 Am. R., 39; *Tillinghast* v. *Wheaton*, 8 R. I., 536; S. C., 5 Am. R., 621; *Hill* v. *Stevenson*, 63 Me., 364, S. C., 18 Am. R., 231.)

Our attention has been called to no case presenting a state of facts similar to that in this one in support of the defendant's contention. In *People* v. *Bank* (36 Hun, 607) the pass-book was delivered to the party credited with the deposit, and checks were drawn by her on the fund, and paid. It was there held that the gift was perfected by the transaction, and that there was no opportunity to effectually assert a mere intent of the depositor to the contrary. The withholding the pass book, and knowledge of the deposit from the defendant's 'intestate, may be treated as some evidence of a purpose not to vest title *in presenti*.

In *Howard* v. *Savings Bank* (40 Vt., 597) the book and knowledge of the deposit were withheld from the person credited with it, and the depositor died without having asserted any right to the money, or made any effort to recall 'the gift. The conclusion was that title passed to the donee. And in *Blasdel* v. *Locke* (52 N. H., 238) information was given by the depositor to the donee of the gift of a sum deposited in a savings bank to the credit of the latter. The gift was held effectual, although the depositor retained the book in her possession until her death. In that case it appeared that a by-law of the bank provided that deposits should be drawn only by the depositors or persons authorized by them. The determination of those cases was evidently made upon the ground that the circumstances referred to constituted evidence of intent of the depositors to make the gifts.

In *Pope* v. *Burlington Savings Bank* (56 Vt., 284; S. C., 48 Am. R., 781) the deposit was made by the plaintiff's testator to the credit of C., payable to himself. He retained the deposit-book, and the money could not be drawn without its production. Held, not a gift, for the reason that the depositor did not part with dominion over the liability of the bank to pay, and that it could not be treated as a trust in behalf of C. In *Robinson* v. *Ring* (72 Me., 140; S. C., 39 Am. R., 308) it was held that a deposit of one's own money in a savings bank to the credit of another, without any declaration of trust contemporaneously or subsequently made by the depositor, who retains the deposit-book in his possession, creates no gift or trust to or in behalf of the person to whose credit the fund is placed. The view taken by the courts in the cases before cited generally is that the question is one of intent,

which is not necessarily governed by the form given to the deposit. (*Northrop* v. *Hale*, 72 Me., 275.)

When the purpose is expressed in the deposit to create a trust in behalf of another, it is effectual to create that relation and to render the donee the beneficiary of the fund. This was the situation presented in *Martin* v. *Funk* (75 N. Y., 134), where the depositor took the relation of trustee for the person in whose behalf the deposit was made. And the retention by him of the possession of the pass-book was consistent with such relation. To the same effect are *Mabie* v. *Bailey* (95 N. Y., 206); *Smith* v. *Lee* (2 T. & C., 591); *Ray* v. *Simmons* (11 R. I., 266; S. C., 23 Am. R., 447); *Minor* v. *Rogers* (40 Conn., 512; S. C., 16 Am. R., 69).

While we think that the deposit of one's own money in a savings bank to the credit of another, without any qualification expressed at the time, is of itself *prima facie* evidence of a gift to the latter of the fund deposited, an intent to the contrary may be shown, and the retention by the depositor of the deposit-book (like the one in question) is some evidence of intent not to perfect the gift at the time of making the deposit. In this fact, and in withholding knowledge from the person to whom the credit is so given, may indicate a purpose as of the time the deposit is made not to surrender dominion over the fund to the latter.

In this view the element in the contract is essential which denies the right to draw the money without the production of the book. And in this one it is also provided that payments made to persons producing the deposit pass-book shall be deemed valid payments to the depositors. It is, however, unnecessary to express any opinion of the construction to which that provision of the by-laws, in view of their other provisions, is entitled. The question of fact in respect to the intent with which the deposit was made by the plaintiff, presented by the evidence, enabled the trial court to determine that it was not a consummated gift to the defendant's intestate.

The judgment should be affirmed.

SMITH, P. J., BARKER and HAIGHT, JJ., concurred.

Judgment affirmed, with costs.