55 433
62 463

HARVEY F. PHIPARD and Others, Appellants, *v.* MARY L. PHIPARD, Executrix, etc., Respondent.

*Policy of insurance — what memorandum attached thereto by the assured and action on his part impress it with a trust.*

The sum of $10,000 agreed, by the terms of a tontine life policy, to be paid upon the death of the assured, was paid to his widow as his executrix.

After the policy was issued to the assured, he made and executed and attached to the policy, and deposited with it in a safe deposit company, the following instrument:

"New York, *Feb'y* 24th, 1883.

"The within policy in the Equitable Life Assurance Co. for ten thousand dollars ($10,000) on my life is for the benefit of my children, and in the event of my death before it (the policy) matures, the money, when paid by the Co., is to be equally divided amongst those of my children that are alive at that time, share and share alike.                                      "WM. T. PHIPARD."

From time to time during the life of the assured it was stated by him, in referring to the policy, that it had been obtained for the benefit of the children.

In an action brought by the children of the assured against the widow, the foregoing facts were proved, but the trial court held that they were not sufficient either to create a trust in favor of the children or to constitute a gift of the policy to them.

*Held*, that the evidence was sufficient to impress the insurance policy with a trust in favor of the children, and to characterize the subsequent possession of the policy and the instrument attached thereto by the testator, as that of a trustee, for their use and benefit. (Van Brunt, P. J., dissenting.)

That the act of the assured fully complied with the provisions of the statute, providing that every grant or assignment of any existing trust in lands, goods or things in action, shall be in writing, subscribed by the party making the same or by his lawfully authorized agent.

That the statutory provisions in relation to trusts in real estate had no application to this case.

Appeal by the plaintiffs from a judgment dismissing the plaintiffs' complaint, on the 2d day of April, 1889, and entered in the office of the clerk of the county of New York, and also from an order of May 22, 1889, denying the plaintiff's motion for a new trial.

*Isaac L. Miller*, for the appellants.

*A. C. Shenstone*, for the respondent.

DANIELS, J.:

The plaintiffs' cause of action was for the sum of $10,000 received by the defendant as executrix of the estate of William T. Phipard, deceased, upon a policy of life insurance. This policy was issued to the testator by the Equitable Life Assurance Society of the United States on or about the 24th of February, 1883.

The sum of money mentioned in it was payable to the testator, his executors, administrators or assigns, within sixty days after proof of his death should be furnished to the company. It was what was called a tontine life policy. And the sum of $10,000 agreed by it to be paid upon the death of the testator was afterwards paid to the defendant, as his executrix, by the society.

The plaintiffs are four infant sons of the testator and assured. Their ages range from eighteen, which was the age of the eldest, to ten years, which was the age of the youngest at the time of the trial of the action. And they were the only children of the assured. When he applied for the policy he applied for it designing it to be, according to his statement, for the benefit of his children. And after it was issued he made and executed, and attached to the policy and deposited it with the policy with the Safe Deposit Company, the following instrument:

NEW YORK, *Feb'y* 24, 1883.

The within policy in the Equitable Life Assurance Co. for ten thousand dollars ($10,000) on my life is for the benefit of my children and in the event of my death before it (the policy) matures, the money when paid by the Co. is to be divided equally amongst those of my children that are alive at that time, share and share alike.

WM. T. PHIPARD.

Witness:

W. GRACE,                          March 6, 1883.
134 *East 43d street, N. Y. City.*

A. V. MACKWALD,
315 *Hicks street, Brooklyn, N. Y.*

And from time to time during his life, in referring to the policy, it was stated by him, as this instrument expressed the fact to be, to have been obtained for the benefit of these children. And these facts were found to have been proved by the evidence in the

decision of the court before which the trial took place. But it was held that they were not sufficient, either to create a trust in favor of the plaintiffs or to constitute a gift of the policy to them. But the instrument which was in this manner subscribed and attached to the policy, as well as the statements at various times made by the testator, were directly to the effect that the policy had been taken out and was held for the benefit of these children. If that had been stated in the policy itself, no doubt could exist, under the authorities, that it would enure to their benefit upon the decease of the assured. And this instrument appears to have been made by the testator, intending to impress upon the policy that precise character; and to place it legally in the position where, with the statement, it was declared to be, and was, in fact, devoted to these children for their benefit upon his decease. And that appears to have been sufficient to impress the insurance with a trust in favor of the children, and to characterize the subsequent possession of the policy and the instrument by the testator as that of a trustee for their use and benefit.

The case is not affected by the statutory provisions concerning trusts, which have been held to relate to trusts created in real estate. And that statute not being applicable to this transaction, which affected personal property, or a mere chose in action, a trust could be created in it according to the principles of the common law. And they required no particular formality to create the trust. But " Any agreement or contract in writing, made by a person having the power of disposal over property, whereby such person agrees or directs that a particular parcel of property, or a certain fund, shall be held or dealt with in a particular manner for the benefit of another, in a court of equity raises a trust in favor of such other person against the person making such agreement, or any other person claiming under him voluntarily, or with notice. And the statute of frauds will be satisfied if the trust can be manifested or proved by any subsequent acknowledgment by the trustee, as by an express declaration, or any memorandum to that effect. * * * In short, by any writing in which the fiduciary relation between the parties and its terms can be clearly read." (1 Perry on Trusts [2d ed.], § 82.)

This instrument, and the statements afterwards made and repeated by the testator, brought this case within the operation of this

principle. Very much more was done than was held not to be sufficient to create either a gift or a trust in certain bonds obtained by the deceased in *Matter of Crawford* (113 N. Y., 560, 564, 565). For apt language was made use of, not only in the instrument itself, but also in the statements from time to time made by the assured, and in the presence of one or more of these children, to create a trust for their benefit in the policy. And that, within the case of *Taylor* v. *Kelly* (5 Hun, 115), made his possession of the policy that of a trustee. The case, in this respect, is fully within the facts, as well as the principle maintained in *Martin* v. *Funk* (75 N. Y., 134). For there no more had been done than to deposit the money in a savings bank in trust for the beneficiary. And that was held to create a legal trust in favor of the person so to be benefited. And this principle was reasserted and repeated in *Willis* v. *Smyth* (91 N. Y., 297). And it was still further sanctioned by *Mabie* v. *Bailey* (95 N. Y., 206). And as the facts of this case were disclosed, by the evidence made applicable to this case, by *Garner* v. *Germania Life Insurance Company* (110 N. Y., 266). And what is shown to have taken place was not deprived of this effect by anything contained in *Young* v. *Young* (80 N. Y., 422). The act of the assured also fully complied with what the statute directed to be necessary, providing that every grant or assignment of any existing trust in lands, goods or things in action should be in writing, subscribed by the party making the same, or by his lawfully authorized agent. (3 R. S. [6th ed.], 145, § 2.) There was no deficiency whatever in this respect. And if, as was held in *Barry* v. *Lambert* (98 N. Y., 300), the trust could be created by mere words, it was sufficiently evidenced by what the assured repeatedly stated. It was there said, in course of the opinion: "It is well settled that a trust in personal property may be created by parol, and that no particular form of words is necessary for its creation, but the words or acts relied on to effect that object should be unequivocal and plainly imply that the party making them intended to divest himself of his interest in the property, and to hold it thereafter for the use and benefit of another." (Id. 306.) And what was shown to have taken place more than fairly complied with this rule. But this case does not rest wholly upon these facts and authorities.

For after the decease of the assured, the policy, with this instrument attached to it, was found in the possession of the Safe Deposit Company. And the court, in its decision, further found, as a fact, that the assured delivered to his son Harvey F. Phipard, one of the plaintiffs, the key to the box in the safe deposit vaults in which the policy was kept, together with an order directed to the custodian of the vaults to deliver the box to his son, whom he directed to take possession of it. The proof fully supporting this finding has not been inserted in the case. Neither has it been stated that all the evidence given upon the trial is contained in the case. And it is accordingly to be assumed that this finding of fact conformed to the evidence which was given upon the trial. And that established, as a fact, that a delivery of the policy, with the instrument attached to it, was made to one of the plaintiffs; and that, under the law relating to mere gifts, was sufficient to comply with all its requirements to vest in the plaintiffs the title to this insurance. More, certainly, was done than was held to be a delivery of the policy in *Hurlbut* v. *Hurlbut* (49 Hun, 189). For by the delivery of the key to this plaintiff, who was the eldest son of the assured, accompanied with the order for the box containing the policy and the instrument attached to it, a constructive delivery was made. And that was sufficient for all the purposes of the law, for an actual delivery to render a gift complete is not necessary, but a symbolical delivery will be sufficient. In *Hankins* v. *Baker* (46 N. Y., 666), the delivery of an order on a warehouseman for goods was considered to create such a delivery. And this principle was sanctioned and followed, and further authorities cited in its support, in *Cooper* v. *Burr* (45 Barb., 9). And so it also was in *Marsh* v. *Fuller* (18 N. H., 360), where the delivery of the key itself was held to be a constructive delivery of the article which, by its use, was to be obtained.

The judgment which was rendered in the case should be reversed. And as the facts have all been found in the plaintiffs' favor, which are necessary to entitle them to recover this money, judgment should be entered for them for the recovery of the money, with the interest upon it, and the costs of this appeal.

BRADY, J., concurred.

VAN BRUNT, P. J. (dissenting) :

I cannot concur in the conclusion to which Mr. Justice DANIELS has arrived in this case. It is clear that nothing which was done in respect to this policy vested any interest in the children of the assured unless there was a delivery of the papers. (*Matter of Crawford,* 113 N. Y., 560.) There is no finding that there ever was a delivery of the papers; and as the case does not state that it contains all the evidence, we must take the findings of the fact as stating the true facts. In fact, the learned justice who tried the cause refused so to find.

The mere fact that the testator previous to his death delivered to the plaintiff the key to his safe deposit box, in which box these papers were, together with an order for the delivery of said box, showed no intention to deliver by that act these papers. It is not claimed that the plaintiff could claim any of the rest of the contents of the box because of this alleged delivery, and how is any distinction to be made. Besides, as has been already said, there is no finding that the papers in question were ever delivered which is essential to the plaintiff's success.

Judgment should be affirmed, with costs.

Judgment reversed and judgment entered for plaintiffs for the recovery of the money, with interest upon it, and the costs of this appeal.