## *In re* WALKER'S WILL.

### (*Supreme Court, General Term, Second Department.* February 8, 1892.)

**1. DEPOSITS BY TRUSTEE—DEATH OF TRUSTEE—RIGHTS OF BENEFICIARIES.**
    Trust moneys deposited by the trustee become at his death the property of the beneficiaries, and they are entitled to demand and receive from the executor the pass-books evidencing the deposits.

**2. SAME—CONTROL OF DEPOSITS—ADVANCEMENTS TO BENEFICIARY.**
    A father, in his life-time, deposited from his own means various sums in bank, in trust for his several children, intending in that way to make provision for them. Afterwards he withdrew various sums from that deposited in trust for one of his daughters, but paid over to her in person other sums in excess of those so withdrawn. *Held*, that by depositing such moneys as trust funds he did not lose control over the same, and that the daughter could not prefer a claim against his estate for the moneys withdrawn from her account as for a conversion to his own use.

**3. CHARITABLE BEQUESTS—"ONE-HALF OF ESTATE"—TRUST DEPOSIT.**
    Where a father, intending to make provision for his children, deposits moneys in bank in trust for them, the fact that he afterwards bequeaths to them the several amounts so deposited in their names will not constitute the same a part of his estate, so as to be taken into consideration in determining whether or not a devise to certain charities exceeds in amount one-half of his estate.

Appeal from surrogate's court, Kings county.

Proceedings for the probate and construction of the will of Robert J. Walker, deceased. Testator, in his life-time, from his own means, deposited various sums in bank, in trust for his several children, intending to provide for them in that way. By his will he bequeathed these funds respectively to his several children. During his life-time he withdrew from the trust-account of his daughter Catherine E. Bond sums amounting to $7,651.04, but during the same time advanced to her sums amounting to $7,999.71. From a decree construing the will Catherine E. Bond, and the Home for Old Men and Aged Couples, and another charity, appeal. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Whitehouse & Seymour*, (*Daniel Seymour*, of counsel,) for appellant C. E. Bond. *Morris & Steele*, (*J. A. K. Steele*, of counsel,) for appellant Home for Old Men and Aged Couples. *Edmund L. Baylies*, for appellant Protestant Episcopal Church Missionary Society. *Dana & Clarkson*, for respondent J. A. Chambers. *Francis E. Dana*, special guardian of A. E. Chambers, etc., respondent. *Benjamin F. Ripton*, for respondent D. B. Walker, executor.

PRATT, J. This is an appeal from a decree of the surrogate of Kings county, made in the above-entitled matter, settling the rights under the will of the various parties interested in said estate. We think the decree is entirely right. That the moneys deposited by the decedent as trusts for certain beneficiaries became at his death the property of such persons is too familiar to require comment. *Martin* v. *Funk*, 75 N. Y. 134; *Boone* v. *Bank*, 84 N. Y. 86; *Minor* v. *Rogers*, 40 Conn. 512; *Mabie* v. *Baisley*, 95 N. Y. 206; *Young* v. *Young*, 80 N. Y. 422; *Macy* v. *Williams*, 125 N. Y. 767, 29 N. E. Rep. 409. It follows from this proposition that such persons are entitled to receive from the executor the bank-book, and from the banks such deposits. It also follows that these moneys should not be considered as a part of the estate disposed of by the will. It is true, the will mentions these moneys, but only to show that such deposits had been made in the manner described. The finding, therefore, that the estate only amounted to the sum of $26,464.50 to be disposed of under the will, was correct, and such finding fixed the rights of the Home for Old Men and Aged Couples and the Protestant Episcopal Church Missionary Society for Seamen. Laws 1860, c. 360; Laws 1848, c. 319; *Hollis* v. *Seminary*, 95 N. Y. 166.

As to the claim of Catherine E. Bond, I think it is clear that the sums withdrawn by the testator were so withdrawn with the consent and approval of said Catherine, and for her benefit. But, even if that were not the case, it does not follow absolutely that, where one deposits money for another in his name as trustee, he abandons all control of the fund. So long as the fund is preserved intact it is not material that it is withdrawn from one bank and deposited in another. The main matter to be considered is the fund, and, as long as that is preserved for the benefit of the *cestui que trust*, the trustee does not become personally liable by merely changing the fund from one bank to another. Suppose the case of a man depositing one-quarter of his estate in trust for one of his children, and changing the deposits three times; then, under the theory urged by Catherine, that child would take the whole estate. However, I think the evidence warrants the conclusion that whatever moneys the testator withdrew which had been deposited for Catherine was done as her agent, and paid over to her, as the evidence is undisputed that the cash payments made to her, together with the deposits made for her, exceeded the amounts withdrawn. It would be in the highest degree prejudicial to *cestuis que trustent*, and unjust to other heirs and legatees, to hold that a trustee lost all discretion and control over a fund he had deposited as trustee. Take this case, where, in some instances, the deposit made reached the interest drawing limit. Was it not the duty of the trustee to withdraw the money, and deposit where it would draw interest? The claim of Catherine was not only without foundation in law, but was unjust to other claimants in the estate. It is absurd to suppose that the trustee would continue to make gifts to Catherine while he owed her large amounts for money fraudulently converted to his own use. The decree should be affirmed, with costs to the respondents, to be paid out of the estate. All concur.