MATILDA ACKERMAN, as Administratrix, etc., of JOHN K. ACKER-MAN, Deceased, Appellant, *v.* MARY A. HERRICK, Respondent.

*Change of venue — transfer of a savings bank book and deposit — witnesses to the transfer.*

In an action brought in Orange county, which involved the right of the defendant to the deposits, made by a deceased intestate depositor, and represented by a book issued by a savings bank in Ulster county, to the decedent, indorsed, "In case of my death to my daughter, Mary Ann Herrick (the defendant), Kingston, Jan. 1, 1890," the defendant moved for a change of the place of trial to Ulster county, on the ground of the convenience of witnesses, and stated in her moving affidavit that the decedent assigned the book and the deposits represented thereby to her on or about the above date, and that at about that date the book was delivered to her.

*Held,* that the transaction was one which arose in Ulster county, and required the witnesses to the transfer as well as to the delivery of the book;

That it could not be said that the defendant would not be entitled to produce such witnesses upon the trial even if the plaintiff should stipulate to admit copies of the bank's books; and, hence, that the motion for a change of the place of trial was properly granted.

APPEAL by the plaintiff, Matilda Ackerman, as administratrix, etc., of John K. Ackerman, deceased, from an order made at the Ulster Special Term, and entered in the office of the clerk of Orange county on the 4th day of April, 1893, upon the motion of the defendant, changing the place of trial of the action from the county of Orange to the county of Ulster, for the convenience of witnesses.

The nature of the action and of the defense thereto, appears from the following portions of the defendant's moving affidavit:

"That this action is brought to recover the sum of $7,860.82, with

interest since July 1, 1891, which is alleged to be represented by two deposit books, issued by the Ulster County Savings Institution, of the city of Kingston, Ulster county, N. Y., and by one deposit book issued by the Newburgh Savings Bank (of Newburgh, Orange county, N. Y.).

The defense is, that one of said deposit books issued by said institution is numbered 21,937, and that the deposits represented thereby were made by the defendant herself, with her own money and in her own name, and that ever since the date of the first deposit thereon, to wit, February 19, 1887, she has had the actual and rightful possession thereof, and since that time has been, and still is, the sole and exclusive owner thereof and of the deposits, credits, money and property represented thereby. That the other deposit book issued by said institution is numbered 23,238, and was issued to John K. Ackerman in his lifetime, but the said John K. Ackerman, deceased, on or about January 1, 1890, duly assigned, gave and delivered said deposit book and the deposits, credits, moneys and property represented thereby to this defendant; that she has ever since that time been in the actual and rightful possession of the same and is the sole and exclusive owner of the said deposit book, and is entitled to the deposits, credits, moneys and property represented thereby.

That the said Ulster County Savings Institution has been restrained by the court from paying a portion of the deposit and money represented by said deposit books and from paying interest for a portion of the time for which interest is claimed by the complaint herein. That said transaction took place and occurred in Ulster county.

That said deposit book issued by the Newburgh Savings Bank is numbered 36,428, and that the deposits entered therein and represented thereby were made in trust for this defendant by her father, the said John K. Ackerman, deceased, and he caused the following entry to be made upon the said deposit book and the books of the said bank : " J. K. Ackerman in trust for Mary A. Herrick." That the defendant thereby became entitled thereto and to the credits, deposits and money represented thereby. That the said deposit book was delivered to this defendant by the plaintiff with the intention that she should draw the money thereon, which she accordingly did. \* \* \*

That the facts she expects to prove by said witnesses (residents of Ulster county) are as follows : By said Daniel Herrick, Irving Herrick, John V. Herrick, Samuel D. Coykendall, George W. Burger and John G. Burger that the said John K. Ackerman, deceased, in his lifetime told and declared to each and every one of them that he had given and delivered the said deposit books issued by the Ulster County Savings Institution and the deposits and money, represented thereby to this defendant and that she was the owner of the same. That she expects to prove by Alfred Van Nostrand that he was the bookkeeper of the Ulster County Savings Institution at the time the said deposits were made in the said institution, and that the defendant personally made a number of said deposits. That she expects to prove by Charles W. Deyo, Charles D. Bruyn and Cornelius Hume that the assignment in said deposit book numbered 23,238, is in the handwriting of M. T. Trumpbour and that he signed the same as a witness thereto. · That she expects to prove by John B. Alliger that he is the treasurer of said Ulster County Savings Institution, and as such has the charge, control and custody of the books of said institution ; that the original deposit represented by said book numbered 21,937 was made in the name of this defendant and was so entered upon the books of said institution ; that the said institution, its officers and agents have been restrained from paying out a portion of the aforesaid deposits, and that they still retain the same and the amount thereof ; that the said institution, for a portion of the time for which interest is claimed by the complaint, has been restrained from paying any interest on its deposits, and she expects said witness to produce upon the trial of this action the books of said institution which contain the accounts of the said deposits represented by said bank books numbered 21,937 and 23,238."

*William D. Dickey,* for the appellant.

*J. E. & J. G. Van Etten,* for the respondent.

BARNARD, P. J. :

There is nothing in the papers which tends to invalidate the title of the defendant to the Newburgh Savings Bank book. The deceased intestate made the deposit and took a book in the name of " J. K. Ackerman, in trust for Mary A. Herrick." This raises an

inference of an attempt to give the money and create herself the depositor, the trustee of the donor. (*Martin* v. *Funk*, 75 N. Y. 134; *Mabie* v. *Bailey*, 95 id. 206.)

One of the other bank books was deposited in the name of the defendant, and there is nothing stated in either the complaint or affidavits which constitute any claim by the administratrix to it. The other book represents deposits made by the deceased in his own name. This book contains this indorsement: "In case of my death to my daughter, Mary Ann Herrick, Kingston, Jany. 1, 1890." The defendant states in her affidavit that this book, with its indorsement on it, was delivered to her at about the date of the assignment. If this was so, and she agreed to pay the interest to the deceased for her life, the gift would be complete. (*Young* v. *Young*, 80 N. Y. 422.)

This transaction is one which arose in Ulster county, and requires the witness to the transfer as well as such, if any, besides the defendant who can testify to the delivery of the book in January, 1890.

The order changing the place of trial from Orange county to Ulster was, therefore, right, and the order should be affirmed, with costs and disbursements

PRATT, J.:

This is an appeal from an order changing the place of trial of an action from Orange to Ulster county.

There is not such a preponderance of evidence in the affidavits, that we are enabled to say there was such an abuse or misuse of discretion in the court below as to warrant us in reversing the order.

The respondent claimed, and seemed to have a large number of witnesses whose convenience would be promoted by a change of venue, and we cannot say that she would not be entitled to produce them upon the trial, even if the appellant should stipulate to admit copies of the bank books.

Considering all the facts and circumstances, we think the order should be affirmed, without costs.

Order changing place of trial affirmed, without costs.