JOHN CUNNINGHAM, Appellant, *v.* WILLIAM B. DAVENPORT, Public Administrator, etc., Respondent, Impleaded with Another.

*Savings bank — a deposit to the credit of the depositor as trustee for another — operates to transfer the fund to the beneficiary.*

A deposit in a savings bank by a person to his credit as trustee for another, operates *prima facie* to transfer the fund deposited to such beneficiary, and, in the absence of other proof showing a contrary intent, the self-constituted trustee holds the fund for such beneficiary.

APPEAL by the plaintiff, John Cunningham, from so much of a judgment of the Supreme Court, rendered upon a decision of the court after a trial at the Kings County Special Term, and entered in the office of the clerk of the county of Kings on the 5th day of May, 1893, as directs that the defendant, William B. Davenport, as administrator, etc., recover of the plaintiff $2,740.59 and costs.

The justice before whom this action was brought found, as matters of fact :

*Fifth.* That the account of the Bowery Savings Bank was originally opened on the 2d day of July, 1869, deposits made by the plaintiff, John Cunningham, of moneys belonging to him ; and plaintiff made other deposits therein down to about the year 1881 ; that said account was commenced as No. 320,153 ; that in the year 1881 said account 320,153 with the Bowery Savings Bank, then belonging to the plaintiff, John Cunningham, and representing moneys belonging to him, and deposited by him, and accruals of interest thereon, was transferred to a new account in said bank, known as account No. 523,181, which account was entered on the books of said bank to the credit of " John Cunningham in trust for Patrick Cunningham," and said account remained with said Bowery Savings Bank until the 17th day of April, 1890.

*Sixth.* That the plaintiff, John Cunningham, retained possession of the said book of deposit of the Bowery Savings Bank, representing such account 523,181, and there is no evidence that he ever parted with the same, except to deliver the same up to the Bowery Savings Bank upon the closing and transferring of the account, as hereinafter found.

*Seventh.* That the plaintiff, John Cunningham, had a brother,

Patrick Cunningham, who departed this life on the 14th day of April, 1890.

*Eighth.* That there is no evidence that John Cunningham ever delivered said book of deposit to said Patrick Cunningham, or ever informed him of the transfer of said account with the Bowery Savings Bank, to the credit of John Cunningham in trust for Patrick Cunningham.

*Ninth.* That there is no evidence that the plaintiff, John Cunningham, ever received any moneys from Patrick Cunningham, and claims never to have intended to have given the moneys represented by said account of the Bowery Savings Bank No. 523,181, to Patrick Cunningham, or to have ever intended them for his benefit.

*Tenth.* That on the 17th day of April, 1890, the plaintiff, John Cunningham, surrendered to the Bowery Savings Bank said book of deposit No. 523,181, and had the moneys represented by said account transferred to a new account to the credit of the plaintiff, John Cunningham, which new account was known as No. 687,735, and the plaintiff, upon the opening of said account 687,735 in his own name received the book of deposit representing said account, and retained possession thereof until surrender thereof by him to said Bowery Savings Bank, as hereinafter found.

He found, as conclusion of law :

*Fifth.* That William B. Davenport, public administrator of Kings county, as administrator of the goods, chattels and credits which were of Patrick Cunningham, deceased, is entitled to recover from the plaintiff, John Cunningham, the sum of two thousand three hundred and twenty-two 54-100 dollars, being the amount drawn by him from the Bowery Savings Bank, with interest thereon from the 14th day of April, 1890 ; that is to say, the sum of four hundred and eighteen 05-100 dollars, and amounting in the aggregate to the sum of two thousand seven hundred and forty 59-100 dollars, together with the costs and disbursements of this action.

*J. Stewart Ross*, for the appellant.

*C. H. Otis* and *James J. Rogers*, for the respondent.

BARNARD, P. J. :

The plaintiff, in 1869, opened an account in his own name with the Bowery Savings Bank in New York. He made deposits from

time to time, and in 1881 he directed the bank to open a new account to the credit of "John Cunningham, in trust for Patrick Cunningham, his brother," and to transfer the old account standing in his own name to the new account, which was done. The plaintiff never delivered possession of the book of deposit. Patrick Cunningham died on the 14th of April, 1890, and on the 17th of April, 1890, the plaintiff drew out the money and applied it to his own use. The question presented is whether the gift to Patrick Cunningham is made out. The Court of Appeals, in the case of *Martin* v. *Funk* (75 N. Y. 134), held that a deposit, in the form in which this deposit was made, operated *prima facie* to transfer the fund to the beneficiary, and in the absence of other proof showing a contrary intent, the self-constituted trustee held the fund as trustee for the beneficiary.

The principle decided in this case has been recognized and followed by the Court of Appeals in the case of *Mabie* v. *Bailey* (95 N Y. 206). (*Willis* v. *Smyth*, 91 id. 300; *Matter of Crawford*, 113 id. 560.)

In the case of *Mabie* v. *Bailey* the court intimates that the mere form of the deposit does not, of itself, determine a gift, but the surrounding circumstances may be proved to aid or repel the fact of the gift. The case of *Beaver* v. *Beaver* (117 N. Y. 421) is not in conflict with the case presented by this appeal. In that case a father deposited money in the name of his minor son. There was no delivery of the book of deposit to him, but the father retained the book for nearly twenty years. The father signed the request to the bank to open the account and to receive the deposit from him. He also drew on one occasion from the account himself, and the son never knew of the deposit, but all the dealings in respect to the bank book were transacted with the father only, and this continued for some sixteen years after the son became of age.

The judgment should be affirmed, with costs.

PRATT and DYKMAN, JJ., concurred.

Part of judgment appealed from affirmed, with costs.