(15 App. Div. 67.)
                            In re DOHRMANN'S ESTATE.

(Supreme Court, Appellate Division, Second Department. March 16, 1897.)

1. TRUSTS—DEPOSIT IN BANK—INTENT.
       A depositor of money in bank does not divest himself of the title by making
   it in the form of a deposit in trust for another, where it was made solely for
   his own benefit, and with no intent to give any interest therein to the person
   named as beneficiary.

2. SAME—EVIDENCE—ADMISSIONS AGAINST INTEREST.
       A finding that a deposit of money, in the name of the depositor in trust for
   another, was not made with the intent of giving the person named as bene-
   ficiary any interest therein, is supported by the admissions of the beneficiary
   out of court to that effect, though she testified to the contrary.

Appeal from surrogate's court, Kings county.

Judicial settlement of the accounts of William Mueller and Katie
Coops, as administrators of the estate of Henry Dohrmann, deceased.
From an order confirming the report of a referee to whom was re-
ferred the issues of fact arising on the petition of Katie Coops for
a reopening of the decree settling the administrators' accounts,
said Katie Coops appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and BRADLEY, JJ.

Howard C. Conrady, for appellant.
William C. Courtney, for respondent.

GOODRICH, P. J. Henry Dohrmann died in Brooklyn, May 20,
1894, intestate, leaving, him surviving, his widow, Katie Dohrmann
(now Coops) and three infant children, Henry, Marie, and Rudolph.
The first two were children by his first wife, and the last by his
wife Katie. At the time of his death he had two accounts in the
Brooklyn Savings Bank,—one in his own name, for $2,447.17; and
the other "Henry Dohrmann, in trust for Katie Dohrmann," amount-
ing to $1,265. On June 4, 1894, letters of administration were is-
sued to William Mueller and Mrs. Dohrmann. On May 13, 1896,
the accounts of the administrators were judicially settled by the
surrogate. Included in this accounting, as a part of the estate
funds, was the item of $1,265, resulting from what is called the
"trust account." An affidavit of Mrs. Coops accompanies the pro-
ceedings in which she states that the accounts are correct. Mrs.
Dohrmann married her present husband April 18, 1895. In June,
Mrs. Coops applied to the surrogate for an order vacating his de-
cree, claiming that the item of $1,265 was not an asset of the estate,
but was her individual property. The surrogate ordered a refer-
ence to decide this question of fact. The referee reported that the
fund belonged to the estate, and the surrogate confirmed the report.
From this order, the present appeal is taken.

Upon the reference, Mrs. Coops and Mr. Louis were examined,
for the purpose of showing that the trust fund belonged to the
former, and was put into the bank in trust for her by her husband,
with the intention that it should belong to her. To contradict this
testimony, Mr. Courtney, counsel for the administrator, the admin-

istrator, Mueller, and his wife, were examined. The evidence offered by Mrs. Coops tended to show that the money deposited in the account was given to her by her husband, and that she did not know that it was to be included in, and considered a part of, the funds of the estate; while the testimony in opposition showed her clear admission made against her own interest, that the money was deposited for the purpose of having two accounts, upon both of which interest could be drawn, a method which, as we understand, had reference to the practice of savings banks not to allow interest upon large accounts. Mr. Courtney testified that, when he was drawing the papers to obtain letters of administration, he was told by Mrs. Dohrmann that the money belonged to the estate, and was to be treated in the same manner as the other funds of the estate, and was to be divided among the widow and children. This is corroborated by the other two witnesses upon the reference. The referee was fully justified in finding, as a matter of fact, that the money belonged to the estate of the decedent.

There is no question that by the law of this state, whenever a deposit is made in a savings bank by a person in his own name in trust for another, and there are no circumstances rebutting the presumption, it will be conclusively presumed that the depositor has divested himself of the legal and beneficial title to the fund, and has vested himself with the legal title, as trustee for the person named as cestui que trust. Martin v. Funk, 75 N. Y. 134; Boone v. Bank, 84 N. Y. 83; Willis v. Smyth, 91 N. Y. 297; Mabie v. Bailey, 95 N. Y. 206; Fowler v. Bank, 113 N. Y. 450, 453, 21 N. E. 172; Beaver v. Beaver, 117 N. Y. 421, 423, 22 N. E. 940. But it is clearly established that when the depositor does not make the deposit in trust with the intention of giving to the person named as cestui que trust any beneficial interest in the fund, but for his own benefit, he does not divest himself of his legal title to the deposit, but continues to be the beneficial owner thereof, notwithstanding the form of the deposit. Cunningham v. Davenport, 147 N. Y. 43, 41 N. E. 412; Weber v. Weber, 58 How. Prac. 255; Mabie v. Bailey, 95 N. Y., at page 210. Under these circumstances, we see no reason for differing from the opinion of the referee.

The order of the surrogate is affirmed, with costs. All concur.