## THE PEOPLE *vs.* ROWLAND.

Where the subscribing witness to a deed or other written instrument is out of the jurisdiction of the court, proof of his hand-writing is sufficient evidence of the execution of the deed or instrument, without any proof of the hand-writing of the parties therein named.

Information derived from the subscribing witness himself, of his being a resident of another state, is competent and sufficient evidence of his being out of the jurisdiction of the court.

In all cases there must be a strict, diligent, and honest inquiry made for the subscribing witness, satisfactory to the court, under the circumstances of the case, before proof of his hand-writing will be received.

The anwers given to inquiries respecting the witness' residence may be given in evidence; they being not hearsay, but parts of the *res gestæ.*

A surrogate may order the bond of an executor or administrator to be prosecuted, for a refusal or omission of the executor or administrator to perform a decree made by such surrogate, without any previous service upon the executor or administrator, of a copy of the decree, or a citation to appear and show cause why an order for the prosecution of such bond should not be made.

If the surrogate is satisfied that there has been either a refusal or an omission, on the part of the executor or administrator, to perform a decree made against him for rendering an account, or upon a final settlement, or for the payment of a debt, legacy, or distributive share, he is authorized to make an order for the prosecution of the bond of such executor, or administrator, without any proof of a demand of the money directed by the decree to be paid.

In an action of debt on bond, the plea of *non est factum* only puts in issue the execution of the bond. It admits every other allegation in the declaration.

It is no objection to a recovery upon the bond of an executor or administrator that the decree of the surrogate, for the non-performance of which such bond was ordered to be prosecuted, does not state the names of the general guardians of the infant children to whom the money is to be paid.

THIS was an action of debt, on an administrator's bond, given by one Nancy Newkirk as administratrix, &c. and by the defendant and one James Greenman, as her sureties. The bond was in the usual form, required by the revised statutes. (2 *R. S.* 77, §42, *1st ed.*) The defendant pleaded *non est factum,* with notice that the defendant would give in evidence, &c. that the administratrix was not cited to show cause why the bond should not be ordered to be prosecuted, by the surrogate, &c.; that no copy of the decree of the surrogate directing the

payment of money, &c. set forth in the declaration, was served on the administratrix, previous to making the order to prosecute, &c. and no previous demand was made requiring her to pay the money directed in the decree, &c. On the trial the plaintiff offered in evidence the bond given by the defendant and the administratrix, and proved by G. F. Van Vechten that he was acquainted with T. A. Stoutenburgh, the subscribing witness; and also with his hand-writing; that his name subscribed to the bond was his proper hand-writing; that by reputation the subscribing witness resided in the state of Virginia; that before he removed from this state he resided in Johnstown; that it was understood there that he resided in Virginia; that the witness had seen Stoutenburgh since he removed to Virginia, and he informed the witness that he resided in Virginia. To this evidence the defendant objected, but the objection was overruled and the evidence received. The defendant then insisted that the plaintiff was bound to prove the hand-writing of the obligors of the bond. The justice decided that the proof of the hand-writing of the subscribing witness to the bond was sufficient proof of its due execution, without proving the handwriting of the obligors. The defendant excepted to this decision. The plaintiff's counsel then introduced in evidence a decree of the surrogate of the county of Montgomery, on a final settlement of the account of Nancy Newkirk as administratrix, &c. in which he decreed her to pay certain moneys in her hands, in equal portions, to and among the children and next of kin of the intestate, or to their legally constituted guardians. The plaintiff's counsel then introduced in evidence an order of the surrogate, made ex parte, directing the prosecution of the bond of the administratrix. The defendant insisted that the plaintiff could not recover unless he proved that a copy of the decree of the surrogate was duly served on the administratrix, previous to granting the order for the prosecution of the bond, and that she had been cited to appear before the surrogate to show cause why the order for the prosecution of the bond should not be granted, before such order was made. The justice decided that the plaintiff was entitled to recover without

any such proof; and the defendant excepted. The defendant offered to prove that the administratrix was not cited to appear before the surrogate, at the time of granting the order for the prosecution of the bond, and had no opportunity to show cause against such order. This proof was rejected, and the defendant excepted. The defendant also offered to prove that no copy of the decree was served on the administratrix, previous to the making of the order for the prosecution of the bond; nor any demand of the money directed in the decree to be paid, made on her, before the commencement of the suit. This evidence was rejected, and the defendant excepted. The defendant also insisted that the plaintiff could not recover, because the decree did not state the names of the legal guardians of the infant heirs of the intestate to whom the money was to be paid; and that the administratrix, being the mother of the infant heirs, was entitled to hold their shares of the money directed to be paid, until legal guardians were appointed for such heirs. But the justice held otherwise, and the defendant excepted. The jury found a verdict for the plaintiff; and the defendant, on a bill of exceptions, moved for a new trial.

*S. Belding, Jun. & C. B. Cochran,* for the plaintiffs.

*H. & F. Fish,* for the defendant.

*By the Court,* PAIGE, P. J. The evidence of the residence of the subscribing witness to the administrator's bond, in the state of Virginia, was sufficient to authorize proof of his handwriting, and proof of his hand-writing was evidence of the execution of the bond by the obligors. Where the subscribing witness to a deed or other written instrument is out of the jurisdiction of the court, proof of his hand-writing is sufficient evidence of the execution of the deed or instrument, without any proof of the hand-writing of the parties therein named. (1 *Phil. Ev.* 473, 4, 5. 11 *Wend.* 98, 99, 115, 123. 13 *Wend.* 183, 196.) The information of the residence of Stoutenburgh, the subscribing witness, in the state of Virginia, was derived from

The People v. Rowland.

the witness himself. This was competent and sufficient evidence of his being out of the jurisdiction of the court. Diligent inquiry at the former residence of a subscribing witness, and information obtained from his former neighbors, as to his removal and place of residence if out of the state, is a sufficient excuse for the non-production of the witness. (19 *Wend.* 165. 9 *Cowen,* 149.) In all cases there must be a strict, diligent and honest inquiry for the subscribing witnesses, satisfactory to the court under the circumstances of the case. The answers given to such inquiries may be given in evidence, they being not hearsay, but parts of the *res gestæ.* (1 *Greenl. Ev.* § 574. 2 *Cowen & Hill's Notes,* 1298, 9, &c.) No question was raised, on the trial, as to the identity of the obligors. No evidence of identity, therefore, was necessary. (1 *Phil. Ev.* 475.) The excuse for the non-production of the subscribing witness is addressed to the court, and parties to the suit are competent to testify as to such excuse. (2 *Cowen & Hill's Notes,* 1295, 1298.)

The revised statutes (2 *R. S.* 116, § 20 ; *Act of* 1830, *ch.* 320, *p.* 116, 1*st ed. and p.* 178, 3*d ed.*) provide that whenever an executor, &c. shall *refuse or omit* to perform any decree made against him by a surrogate, &c. for rendering an account, or upon a final settlement, or for the payment of a debt, legacy or distributive share, such surrogate may cause the bond of such executor, &c. to be prosecuted, and shall apply the moneys collected thereon in satisfaction of such decree, in the same manner as the same ought to have been applied by such executor, &c. This provision does not require the service on the executor or administrator of a copy of the decree, or a citation to appear and show cause why an order for the prosecution of the bond of the executor or administrator should not be made, previous to the making of any such order. If it is made to appear satisfactorily to the surrogate, that there has been either a refusal or an omission to perform the decree, he is authorized to order the prosecution of the bond, without any previous service of a copy of the decree, or of a summons on the executor or administrator to show cause. The order proved on the trial

recites that the petition of Palmer Newkirk, one of the heirs, duly verified, on which the order was founded set forth a service on the administratrix, of a copy of the decree and a demand by the petitioner of the sum decreed to be paid to him, and her refusal to pay. This was sufficient evidence of a refusal to perform the decree, and authorized the surrogate to make an order for the prosecution of the bond of the administratrix. A demand, previous to the commencement of the suit, of the money directed by the decree to be paid, was not necessary. The statute does not make such demand a condition precedent to the right to sue the bond of the administratrix. Without any proof of a demand, the surrogate had authority to make an order for the prosecution of the bond. He was only to be satisfied that there had been either a refusal or an omission to perform the decree. The pleadings in this suit admit such refusal and omission on the part of the administratrix. The declaration alleges both a refusal and an omission to perform the decree; and the plea and notice do not controvert this allegation. The plea of *non est factum* only puts in issue the execution of the bond. It admits every other allegation in the declaration. (10 *Wend.* 204, 205. 1 *Chit. Pl.* 483, 4, 5.) The notice annexed to the plea does not set up any denial of the allegation in the declaration, of a refusal and omission to perform the decree, nor any averment of the payment of the moneys directed by the decree to be paid. It was no objection to the plaintiff's recovery that the decree did not state the names of the general guardians of the infant children, to whom the money was to be paid. If all the children of the intestate had been minors, and no general guardian had been appointed for any of them, there could not have been any such refusal or omission to pay which would have authorized the surrogate to order the prosecution of the bond of the administratrix, as there would have been no person to whom she would have been justified in paying the money. (2 *R. S.* 98, § 80, 1*st ed.*) But one of the children, (Palmer Newkirk,) was an adult, and entitled to receive his share of the money directed to be paid by the decree. There was therefore a refu-

The People *v.* Rowland.

sal and omission by the administratrix to pay him ; which was a breach of the bond. On the trial, the defendant did not ask the judge to instruct the jury to confine the assessment of the damages to the amount due to Palmer Newkirk. I am inclined to believe, that such a direction of the judge would have been improper. It would seem from the provision of the revised statutes before referred to, (2 *R. S.* 178, § 20, 3*d ed* ; § 23 *of ch.* 320 *of Act of* 1830,) that the legislature intended, that when the bond was prosecuted by the direction of the surrogate, the surrogate should receive the moneys ordered to be paid by the decree, and apply them in satisfaction of the decree, in the same manner as they ought to have been applied by the executor or administrator. And sections 80 (2 *R. S.* 98) and 49 (*Id.* 91, 1*st ed.*) provide that, where there is no general guardian, the surrogate shall direct the share of such minor to be invested in permanent securities, and shall keep the same in his office. And when a general guardian is appointed, he may of course direct that they be delivered over to such guardian. I think that the surrogate had jurisdiction of the subject matter, and was authorized to make the order for the prosecution of the bond. If that order, however, was erroneously made, the remedy of the defendant was by an application to the surrogate to vacate it. Until vacated, it was a valid order, and binding on the parties. There was no exception taken to the direction of the judge to the jury, to assess the damages to the whole amount due to all the children of the intestate. The only question in the case which, in my judgment, involves any doubt, arises out of this direction. But as no exception was taken to it, we cannot grant a new trial on this ground, even if we think the learned judge in this direction committed an error.

The motion for a new trial must be denied.