WILLIAM D. JONES, as Assignee, etc., Respondent, *v.* THE
HOWARD INSURANCE COMPANY OF NEW YORK, Appellant.

A policy of fire insurance provided that the company would not be liable
"for loss or damage caused by the working of mechanics  *  *  *  nor
for the use of kerosene  *  *  *  unless permitted herein in writing."
In an action upon the policy it appeared that lamps on the prem-
ises were filled with kerosene in the evenings and by artificial light,
which was not permitted by the policy; it did not appear that this was
the origin of the fire. A motion for a nonsuit was denied. *Held,* no
error; that the provision simply freed the insurer from liability in case of
loss arising from a cause so excepted.

The policy required that " the assured sustaining loss or damage by fire and
making claim therefor shall  *  *  *  render a particular account of said
loss  *  *  *  stating  *  *  *  the interest and title of the assured and of
all others therein." At the time of the fire the assured was the sole owner of
the insured premises. Five days after he made a general assignment for the
benefit of his creditors to plaintiff. The proofs of loss, made thereafter,
stated that the assured was the sole owner at the time of the fire. It was
objected that " the title of the assured and others in the property, alleged to
have been destroyed, is not correctly or fully stated." *Held,* untenable;
that the provision referred to the time of the loss and the state of the title
at that date.

The proofs of loss declared that the cause of the fire was to the assured
unknown. *Held,* that the statement was sufficient unless the assured
was the incendiary.

Defendant claimed the proofs of loss were not sufficient, because a certifi-
cate of the nearest notary as required by the policy " had not been fur-
nished." The policy called for such a certificate only "if required."
No such requisition had been made when the proofs of the loss were
sent. *Held,* untenable.

The policy required the assured to furnish the company with original or
certified copies of bills or invoices of the property destroyed in case he
is required to do so by some person appointed by the company. It
appeared that after the proofs of loss had been rejected and about four
months after the fire, and after the assured and his assignee had gone to
the defendant's office with all the bills and invoices they could obtain to
submit for examination and had been dismissed by defendant's president
without examination, defendant's general agent wrote the assured
demanding presentation of books and vouchers and an examination "at
such time as can be mutually arranged." *Held,* that the demand came
too late and was of no force because it fixed no time.

The proofs of loss were sent to defendant and retained by it forty-five
days. It then notified the assured that they were defective and were

subject to his order. The proofs named the other policies upon the property, specified the insurers and amounts of the risks, described them as " concurrent with the one herein described," the written portions of which were given. It was objected that this was not a compliance with the condition of the policy; that the proofs of loss should contain the written portions of the other policies. *Held,* untenable; that there was a substantial compliance; also, that any such objection was waived by the delay.

(Argued October 11, 1889; decided October 29, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made at the May Term, 1887, which affirmed a judgment in favor of plaintiff, entered on a verdict and affirmed an order denying a motion for a new trial.

The nature of the action and the facts are sufficiently stated in the opinion.

*Norton Chase* for appellant. Defendant's motion for a nonsuit should have been granted. (*Savage* v. *H. Ins. Co.,* 52 N. Y. 502; *S. F. and M. Ins. Co.* v. *Allen,* 43 id. 394; *Appleby* v. *A. F. Ins. Co.,* 54 id. 258; *Foot* v. *A. L. Ins. Co.,* 61 id. 575; *Blossom* v. *Ins. Co.,* 64 id. 166.) The use of kerosene for lighting, without the written consent of the company, avoids the policy, although the loss, so far as appears, was not occasioned by its use of kerosene, but this is immaterial. (*Bennett* v. *N. B. Ins. Co.,* 81 N. Y. 275; *Appleby* v. *A. F. Ins. Co.,* 54 id. 261; *Conch* v. *R. G. F. Ins. Co.,* 25 Hun, 469; *Wood* v. *N. W. Ins. Co.,* 46 N. Y. 426; *Mead* v. *N. W. Ins. Co.,* 3 Seld. 534; *Westfall* v. *H. R. Ins. Co.,* 2 Ken. 292; *N. Y. C. Ins. Co.* v. *N. P. Ins. Co.,* 20 Barb. 468; *Jube* v. *B. F. Ins. Co.,* 28 id. 412.) A policy of fire insurance is to be construed like any other contract between individuals, and so as to give effect to the intention of the parties thereto. (*Harper* v. *N. Y. S. F. Ins. Co.,* 22 N. Y. 441, 444.) A failure to give with the proofs of loss the written portion of the policies covering the same property was alone sufficient ground for a nonsuit. (*Graham* v. *Fireman's Ins. Co.,* 8 Daly, 423.) The certificate of the magistrate or notary

public nearest the fire, whether place of residence or of office is considered, should have been furnished as required. (*Graham* v. *F. Ins. Co.*, 8 Daly, 422; *Gilligan* v. *C. F. Ins. Co.*, 20 Hun, 93; *Inman* v. *W. L. Ins. Co.*, 12 Wend. 96; *O'Neil* v. *B. F. Ins. Co.*, 3 N. Y. 128; Wood on F. Ins. 710.) It was a condition precedent to recovery that the company should be furnished with original or certified copies of bills or invoices of the property destroyed. (*O'Brien* v. *C. F. Ins. Co.*, 63 N. Y. 108; *Savage* v. *H. Ins. Co.*, 52 id. 502; *Underwood* v. *F. Ins. Co.*, 57 id. 500; *Blossom* v. *L. L. Ins. Co.*, 64 id. 162; *Bell* v. *L. L. Ins. Co.*, 19 Hun, 238, 239; *Owen* v. *F. J. S. Ins. Co.*, 57 Barb. 518; *Post* v. *A. Ins. Co.*, 43 id, 365; *Gilligan* v. *Ins. Co.*, 20 Hun, 95; Wood on Ins. 721; *O'Neil* v. *B. F. Ins. Co.*, 3 N. Y. 128; *Titus* v. *Ins. Co.*, 81 id. 410; *Ins. Co.* v. *Fay*, 22 Mich. 467.) The company was not guilty of laches in rejecting proofs, and no proof or even allegation that plaintiff was injured or misled by the delay. What would, under the circumstances, be a "reasonable time" is a question of law, and not for the jury. (*Inman* v. *Ins. Co.*, 12 Wend. 452; *Trask* v. *Ins. Co.*, 29 Pa. 198; *Craig* v. *Parkis*, 40 N. Y. 181; *Mellen* v. *H. Ins. Co.*, 17 id. 617; *Underwood* v. *F. J. S. Ins. Co.*, 57 id. 500; *Goodwin* v. *M. M. L. Ins. Co.*, 73 id. 480; *Blossom* v. *L. F. Ins. Co.*, 64 id. 166; Wood on F. Ins. 721; *C. Ins. Co.* v. *Sennett*, 41 Pa. St. 162.) The plaintiff is estopped from claiming a waiver by the company of any of the defects in the proofs of loss. He consented to delay and answered the letter rejecting the proofs of loss, attempting to correct the proofs, and received a reply, and was bound to submit additional proofs. (*Barnum* v. *N. Y. F. Ins. Co.*, 97 N. Y. 195; *Pratt* v. *N. Y. C. Ins. Co.*, 55 id. 505; Wood on F. Ins., 705.)

*J. M. Whitman* for respondent. The certificate attached to the assignment need not be in the precise language of the statute; it is sufficient if it complies substantially with the statute. (*Averill* v. *Wilson*, 4 Barb. 180; *Sheldon* v.

*Stryker*, 42 id. 284; *Canandaigua Academy* v. *McKechnie*, 19 Hun, 62, 68; *Hunt* v. *Johnson*, 19 N. Y. 280.) Even if the certificate be defective, or entirely wanting, the assignment would be valid and binding between the parties, and none but the assignor's creditors could take advantage of the defect in order to avoid the assignment. (Bishop on Insolvent Debtors, § 196; Burrill on Assignments [3d ed.] 494.) A defective certificate of acknowledgment would affect, not the fact of the assignee's acceptance, but only the evidence of that fact. (Code Civ. Pro. § 935, 936.) Whether the plaintiff gave such proof of loss as was sufficient under the policy and the law governing such contract was a question for the jury on the whole evidence, and the finding of the verdict is conclusive on this point. (*Dean* v. *Ætna Life Ins. Co.*, 2 Hun, 358, 366.) After the destruction of the papers, the gross estimate was sufficient. (*Norton* v. *R. and S. Ins. Co.*, 7 Cow. 645; *McLaughlin* v. *W. C. M. Ins. Co.*, 23 Wend. 525.) The failure to particularly specify the goods being caused by their total destruction does not preclude recovery. (*Hoffman* v. *A. F. Ins. Co.*, 19 Abb. Pr. 32, 322.) The proofs of value given were sufficient under the circumstances. (*Bumstead* v. *Dividend Mut. Ins. Co.*, 12 N. Y. 81.) In determining the contiguity of the magistrate to the place of fire, the place of his business, and not of his residence, will be regarded; a nice calculation of distances will not be gone into to ascertain the nearest magistrate who might have given the certificate; the proximity of the magistrate to the place of fire is all that can be required. (*Turley* v. *N. A. Ins. Co.*, 25 Wend. 374; *O'Neil* v. *B. F. Ins. Co.*, 3 N. Y. 122, 128.) The provisions of the policy relied upon not being set up in the answer were unavailable upon the trial. (*Richtmeyer* v. *Remsen*, 38 N. Y. 206; *Ellsworth* v. *A. F. Ins. Co.*, 89 id. 186; *Goodwin* v. *M. M. L. Ins. Co.*, 73 id. 496; *N. Y. C. Ins. Co.* v. *N. P. Ins. Co.*, 20 Barb. 468, 475; *Williams* v. *M. & T. Ins. Co.*, 54, N. Y. 577.) The action of the company in retaining the proofs of loss for forty-five days without exception or objection, and never returning

them, was a waiver of any defects they may have contained. (*Post* v. *A. F. Ins. Co.*, 43 Barb., 365, 366; *Goodwin* v. *M. M. L. Ins. Co.*, 73 N. Y. 480, 496; *Titus* v. *G. F. Ins. Co.*, 81 id. 410, 416, 417; *Kenny* v. *H. Ins. Co.*, 71 id. 396, 403.) All defects in preliminary proofs of loss which the insured might remedy, and which the insurer omits to specify, without unnecessary delay, as grounds of objection, are waived. (*Kernochan* v. *Bowery Ins. Co.*, 17 N. Y. 428; *Bumstead* v. *Dividend Ins. Co.*, 12 id. 81; Civil Code [ed. of 1865] § 1437; *Bush* v. *W. F. Ins. Co.*, 2 T. & C. 629, 632; *McLaughlin* v. *W. C. M. Ins. Co.*, 23 Wend. 525; *Tyler* v. *A. F. Ins. Co.*, 16 id. 385.) The question of defendant's want of diligence in objecting to proofs of loss and of waiver of defects therein was properly submitted to the jury. (*Bowman* v. *A. Ins. Co.*, 2 T. & C. 261; *Craighton* v. *A. Ins. Co.*, 39 Hun, 319; *Underwood* v. *F. J. S. Ins. Co.*, 57 N. Y. 500; *Griffy* v. *N. Y. C. Ins. Co.*, 100 id. 417, 421; *O'Brien* v. *P. Ins. Co.*, 76 id. 460; *Wing* v. *W. C. F. Ins. Co.*, 101 id. 363.)

FINCH, J. This action was upon a policy of insurance against loss by fire, and was defended mainly on the ground that the assured himself was the incendiary. The issue of fact thus raised was decided in his favor, and there remained only certain technical defenses which have thus far been overruled, and which furnish the questions on this appeal.

One ground upon which the defendant's motion for a non-suit was rested is again urged as a reason for reversal. It is that a condition precedent to a recovery was violated in that lamps were filled with kerosene in the evenings and by artificial light. The clause in the policy cited in support of the objection goes no further than to free the insurer from any loss or damage arising from that cause. The language is: "This company will not be liable under or by virtue of this policy for loss or damage caused by the working of mechanics, * * * nor for the use of kerosene * * * unless permitted hereon in writing." The meaning evidently is that for

a loss resulting from the use of kerosene, except in the manner specified, the insurer will not be liable. It did not appear that the fire and consequent loss had any such origin.

It is objected that the assured made no diligent effort to save his property as required by the terms of the policy. That instrument again only relieves the company from liability for damage resulting from such neglect. Whether the assured in truth disobeyed the requirement, whether it was reasonably possible for him to have done more than he did in his endeavor to put out the fire, whether by any risk or effort he could have saved anything after he was driven from the building by the flames, and so whether any part of the loss was due to his neglect were questions of fact upon the evidence, and must be deemed to have been answered in his favor by the verdict against the defendant.

The further objections cluster about the proofs of loss. The policy requires such a paper to be furnished, and specifies what it shall contain. The assured gave, in substance, all the information required by the terms of the policy. The defendant company received the proofs and kept them in its possession without objection for forty-five days, and then, without returning them, wrote a letter to the insured claiming that they were defective and insufficient, and subject to his order.

A review of the objections made will show that some of them were frivolous, and none of them sound. Thus it was objected that "the interest or title of the assured and others in the property alleged to have been destroyed is not correctly or fully stated." At the time of the fire the assured was sole owner. Five days after the fire he made a general assignment for the benefit of his creditors to the present plaintiff. Some twenty days later he signed the proofs of loss which were sent to the company, and the demand of the assignee for payment has been refused. In the proofs of loss it was stated that the assured, at the time of the fire, was sole owner. The policy requires that "the assured, sustaining loss or damage by fire, and making claim therefor, shall  \*  \*  \*  render a particu-

lar account of said loss, * * * stating * * * the·
interest and title of the assured, and of all others therein."
This evidently refers to the time of the loss and the state of
the title at that date. The objection made to the proofs of
loss was, not that the ownership of the claim against the com-·
pany was not stated, but that "the title of the assured and
others *in the property alleged to have been destroyed* is not
*correctly* or *fully* stated." The objection is frivolous. The
title of the assured in the property destroyed was stated, and
both correctly and fully. Nowhere was he required to show
who owned his right of action for the loss, and there is not
the least pretense that the company was ignorant of or in
doubt about that.

It is objected again that "the statements of the cash value
of the property destroyed are contradictory and inaccurate."
They were not contradictory. One sum was named as the
actual cash value and no other. There was, indeed, an explana-
tion of the manner in which the assured arrived at his
estimate, and that, intended to confirm, may rather have con-
tradicted his statement of actual cash value. Whether it was·
inaccurate or not, however, was a question of fact for the jury,.
which they have determined in the plaintiff's favor.

It is again objected that the origin of the fire was not
correctly stated. The proofs declared that the cause of the
fire was to the assured unknown. That was a correct and
sufficient statement unless he lighted the fire himself, and the
jury have said that he did not.

It is urged against the recovery that the certificate of the
nearest notary was not obtained. There was one about twenty
feet nearer the location of the burned building, but who was
himself a sufferer from the same fire, and so concerned in the
inquiry whether the assured was the incendiary or the fire an
accident. The policy does not call for such a certificate unless
"if required." No such requisition had been made when the
proofs of loss were sent, and the certificate attached was simply
superfluous. The objection made was not a requirement. It
was a claim that the proofs were not sufficient because a

certificate of the nearest notary, " as provided by the conditions of the policy," had not been furnished. No condition was violated until the insurer, after the loss, formally required the certificate to be furnished, which never was done.

A further objection is that another condition precedent to recovery was violated in that the company was never furnished with original or certified copies of bills or invoices of the property destroyed. The policy puts that burden on the assured only in case he is so required to do by some person appointed by the company. No such requirement was made until some time in June, long after the proofs of loss had been rejected, and about four months after the fire. Before that demand the assured and his assignee presented themselves at the office of the company, in New York, with all the bills and invoices they could obtain, to submit to their examination. The president somewhat curtly dismissed them; and thereafter on June eighteenth, the general agent writes, demanding presentation of books and vouchers and an examination " at such time as can be mutually arranged." The demand came too late, and was of no force or consequence because it fixed no time. It arbitrarily assumed the right to delay a settlement until such unknown time in the future as should suit the will and pleasure of the officers of the company in making a mutual arrangement. What right they had was lost by the unexcused delay, and the failure to make the demand in such form that it could be promptly and definitely obeyed. This treatment of the assured had about it no element of fairness or justice. In addition, it appears that the general agent had already examined the assured in such manner and to such extent as he chose.

The final objection argued is that the proofs of loss did not contain copies of the written portion of other policies. The proofs named the other policies, specified the insurers and amounts of the risks, described them as covering the same property, and as " concurrent with the one herein described." The written portions of that were given. I think this was a substantial performance of the condition, but, if not, the objec-

·tion was waived by the delay.   The proofs of loss were perfect in every other respect, and there is not a shadow of excuse for waiting forty-five days to demand a more perfect performance by giving formal copies of other policies.   (*Keeney* v. *Home Ins. Co.*, 71 N. Y. 396.)

We are thus of opinion that no ground exists for a reversal. The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.