90  521
20ap116

MARGARET GROGAN, Respondent, *v.* THE UNITED STATES INDUSTRIAL INSURANCE COMPANY, Appellant.

*Life insurance policy — assignment of, by an infant — sufficiency of, as to form — secondary proof of its execution — effect of the retention of proofs of death — when the court may decide questions of fact.*

An infant upon whose life a policy of insurance was issued, payable to his executors or administrators, executed an instrument by which he authorized the insurance company, in case he died before Margaret Grogan, to pay the benefit specified in the policy to her, stating that her receipt should be conclusive evidence that the sum in question had been paid to the person entitled to it, and that all claims under the policy had been fully satisfied. Peter Grogan having died, Margaret Grogan brought an action against the company to recover the amount of the policy.

*Held,* that, although the instrument had not the technical form of an assignment, it was sufficient, as against the insurance company, to transfer to the plaintiff the right to the money;

That while the infant, upon reaching majority, might have disaffirmed the instrument, yet, as he had not arrived at majority before his death, the right of the plaintiff to recover was not affected by his infancy;

That, although the plaintiff had no insurable interest in the life of the assured, and a policy upon his life issued directly to her would have been void as a wager policy, yet that an assignment to her of the policy from a person in whose name and for the benefit of whose estate the policy was issued, was valid.

Where a witness to an instrument is not, at the time of the trial of an action within the jurisdiction of this State, it is competent to make secondary proof of the execution of the instrument.

If it appears that proofs of death were served upon an insurance company and were retained by it, until they were produced upon the trial of an action upon the policy under which they were made, the company is estopped from raising the question of their sufficiency.

Where neither party asks to go to the jury, the court is authorized to decide any question of fact; and if there was any evidence in the case to sustain the decision of the court in the premises, such decision will not be disturbed upon an appeal.

APPEAL by the defendant, The United States Industrial Insurance Company, from a judgment of the County Court of Albany county in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 28th day of June, 1895, upon the verdict of a jury rendered by direction of the court.

The action was originally commenced in a Court of a Justice of the Peace of the city of Cohoes, where judgment was rendered in favor of the plaintiff. The defendant subsequently appealed from said judgment to the County Court of Albany county, where a new trial was had.

The action was brought to recover upon a policy of life insurance issued upon the life of Peter Grogan, who, at the time when the policy was issued, was an infant, and had not reached majority at the time of his death. The plaintiff was his aunt, but by marriage only.

The provision referred to in the so-called assignment set forth in the opinion and therein described as " said second condition mentioned," was to the effect that the company might pay the sum of money insured to any person who appeared to the company to be equitably entitled to it, by reason of having incurred expense in any way on behalf of the insured for his or her burial, or for any other purpose.

*Russell M. Johnston,* for the appellant.

*Mark Cohn,* for the respondent.

MAYHAM, P. J. :

This action was prosecuted by the plaintiff, as alleged assignee of a policy of life insurance, issued on the life of one Peter Grogan, for $214. The policy was made payable to the executors or admin-

istrators of the assured, and the first point made by the appellant on this appeal is, that there was no valid assignment of the policy by the assured to the plaintiff. The instrument under which this transfer is claimed to have been made reads as follows :

"THE UNITED STATES INDUSTRIAL INSURANCE Co.,
"HOME OFFICE, NEWARK, N. J.,
"*March 4th,* 1891.

"I, the undersigned, the person making application for, and insured under policy No. 175,792 in the above-named company, hereby request and authorize the said company, in the event of my death prior to the death of the person hereinafter named, to pay the benefit specified in said policy to Margaret Grogan, and the receipt signed by said person shall be conclusive evidence that such sum has been paid to the person entitled thereto, and that all claims under this policy have been fully satisfied ; but it is mutually agreed and understood that nothing herein is to vary in any manner any of the provisions of said policy, and that said company may, at its option, pay said benefit according to the agreement in said second condition mentioned, anything herein to the contrary notwithstanding.

"(Signed.)     PETER GROGAN.
"*Witness,* C. F. APPLEGATE."

Indorsed, "Albany county, N. Y., clerk's office, filed March 13th, 1895."

It is contended by the appellant that this does not constitute a valid assignment of this policy to the plaintiff, so as to authorize a recovery in her name.

This instrument seems to have been drawn and witnessed by the agent of the company, acting as superintendent or manager of the same, and while it is not in the technical form of an assignment, we think it clearly transferred to the plaintiff the right to this money, in case the company was liable to pay the same, and gave her such an interest in it, and such authority over it, as would, as against the defendant, authorize her to maintain this action, and we see nothing in the case of *Sulz* v. *The Mutual Reserve Fund Life Association* (145 N. Y. 563), to which we are referred by the learned counsel for the appellant, which supports the contrary contention.

While the instrument, as is contended by the learned counsel,

might have been disaffirmed by Peter Grogan in his lifetime, on the ground of infancy, on arriving at his majority, had such an event happened, yet I fail to see how the defendant in this action can avail itself of that fact as a defense against the person who was clearly authorized by the assured by this instrument to receive the money, and give ample and complete release and discharge for the same.

It may be assumed, as is doubtless true, that Margaret Grogan, this plaintiff, had no insurable interest in the life of Peter Grogan, and that a policy on his life, issued directly to Margaret, would have been void as a wager policy, yet there was nothing in her condition or relation that would prevent her from taking an assignment of the policy from the person in whose name and for the benefit of whose estate it was issued. And there is nothing in this case tending to establish the fact that this policy was taken out in the name of the assured for the benefit of the plaintiff to avoid the legal condemnation that exists against wager policies.

It is also insisted by the appellant that, assuming that the instrument above quoted was an assignment to the plaintiff, yet it was not so proved as to make it admissible as evidence.

There is some evidence tending to show that C. F. Applegate, who witnessed this assignment, was not, at the time of this trial, in the jurisdiction of this State, and we think it was competent for the trial judge to receive secondary proof of the execution (*The People* v. *Rowland*, 5 Barb. 449–451; *Jackson ex dem. Woodruff* v. *Cody*, 9 Cow. 149); and that it was, therefore, proper to allow the proof, either of his signature or of the original signing by the party, and that the execution of this alleged assignment was sufficiently proved.

It is also contended by the appellant that there were not sufficient proofs of death in this case to authorize a recovery. There would be much force in that contention had not the defendant estopped itself from raising that question by the retention of the proofs of death, which were furnished by the plaintiff.

It is true, as contended by the learned counsel, that some of the proofs relied upon were not sufficiently authenticated to allow them, as an original proposition, to be introduced in evidence; but they were relied upon by the plaintiff, served upon the defendant, and manifestly received by it; because, on the trial, they were pro-

duced upon notice by the defendant's attorney; and we think, within the adjudged cases, that their retention from the time they were received until they were delivered, on notice to produce them on the trial, constituted an estoppel, and that the defendant cannot now be heard to say they were insufficient.

In *Jones, Assignee, etc.,* v. *The Howard Insurance Company of New York* (117 N. Y. 103) the plaintiff served proofs of loss, which were retained by the insurance company, without objection, for forty-five days. It was held that any objection to their sufficiency and form was waived by the delay. (See, also, *McNally* v. *Phœnix Insurance Co.,* 137 N. Y. 309; *Trippe* v. *Provident Fund Society,* 140 id. 23.)

On the trial of this case the learned judge directed a verdict for the plaintiff for the amount of $204.

Neither party appears to have asked to go to the jury, and the court was, therefore, authorized to decide the questions of fact in the case, and if there was any evidence to sustain his decision it will not be disturbed on appeal. (*Fogarty* v. *Hook,* 84 Hun, 165.)

We think there was sufficient evidence to justify the conclusion reached by the learned judge, and that the judgment must be affirmed.

Judgment affirmed, with costs.

PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs.