SWOFFORD BROTHERS DRY GOODS COMPANY, Respondent,
v. AMERICAN CENTRAL INSURANCE COMPANY,
Appellant.

### Kansas City Court of Appeals, May 30, 1898.

Insurance: PROOFS OF LOSS: CONCURRENT INSURANCE: SUBSTANTIAL COMPLIANCE. A policy of insurance required the proofs to state other insurance, etc., and a copy of descriptions, etc. The proofs furnished described the property and added "$2,000 additional insurance concurrent herewith," naming company. *Held*, a substantial compliance.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

AFFIRMED.

FYKE, YATES & FYKE for appellant.

(1) The requirements of a policy of insurance that proofs of loss shall contain certain information must be strictly complied with in order to make out a case. 2 Wood on Ins., sec. 486. (2) The requirements of the policy sued on that proofs of loss must contain a copy of the descriptions and schedules in all other policies covering any part of the insured property, is reasonable, and no recovery can be had in the absence of compliance with this condition. Blakeley v. Ins. Co., 20 Wis. 205. Analogous case, Erwin v. Ins. Co., 24 Mo. App. 145.

ROBINSON & CARKENER for respondent.

(1) A substantial compliance with the conditions of the policy is all that the law requires. Ins. Co. v. Atkins, 3 Bush (Ky.), 328; Lonsbury v. Ins. Co., 8 Conn. 459; Willis v. Ins. Co., 79 N. C. 285; Erwin v. Ins. Co., 24 Mo. App. 151; Ins. Co. v. Tuler, 16 Wend. 385; Barker v. Ins. Co., 8 Johns. 318; Joyce on Ins., sec. 3275; 7 Am. and Eng. Ency. of Law, p. 1045. (2) However, we may concede, that, regardless of any question of prejudice, the defendant is entitled to insist upon the terms of the policy being complied with, and still there is no merit in the defense, because according to the uniform current of authority, the proof of loss in this case did contain a substantial and sufficient compliance with the requirements of the policy. Joyce on Ins., sec. 3313; Beach on Ins., sec. 1219; Finch's Ins. Dig., 1890, p. 25; Miller v. Ins. Co., 70 Iowa, 704; Towne v. Ins. Co., 145 Mass. 582; Jones v. Ins. Co., 117 N. Y. 103.

GILL, J.—Plaintiff, as assignee, sued the defendant on a policy of insurance issued to A. P. Brown & Company covering a general stock of merchandise which was destroyed by fire during the life of the policy. The sole defense is that the proofs of loss did not comply with that clause in the policy which required the assured to state therein "all other insurance, whether valid or not, covering any of said property; and a copy of all the descriptions and schedules in all policies." The proofs of loss set out in full the description of the property as contained in the defendant's policy and then added this clause: "$2,000 additional insurance, concurrent herewith, in the Liverpool & London and Globe Ins. Co." Plaintiff had judgment below and defendant appealed.

There was no merit in the defense, and none in this appeal. The proofs of loss relating to the statement of other insurance, complied, substantially, with the requirements of the policy. This is all the law requires. 4 Joyce on Ins., secs. 3275, 3313; 2 Beach on Ins., sec. 1219, and cases cited; Jones v. Ins. Co., 117 N. Y. 103, 110; Finch's Ins. Digest, p. 25. "The certificate of loss need not be in the precise words specified in the policy. If it be so drawn as evidently to mean the same thing, it is enough." 4 Joyce on Ins., *supra*.

The words employed in the proofs of loss—that there was "$2,000 additional insurance, *concurrent herewith*, in the Liverpool & London and Globe Ins. Co."— in effect stated that the policy in the latter company covered the identical property described in defendant's policy and the proofs of loss.

Judgment affirmed. All concur.