## VON SCHUCKMANN v. HEINRICH.

(Supreme Court, Appellate Division, First Department. April 15, 1904.)

1. ASSIGNMENT—CONSIDERATION—EVIDENCE.

An assignment of a life policy under seal and acknowledged imports a valid consideration, so that, though reciting that it is in consideration of love and affection, one attacking it has the burden of proving that there was not further consideration, if it was necessary for its validity.

2. LIFE INSURANCE—PREMIUM PAID BY ADMINISTRATOR.

Though one to whom insured assigned his life policy prevails over insured's administrator in an action between them for the proceeds thereof,

the administrator should be allowed for a premium which became due before insured's death. and had to be paid and was paid by the administrator after insured's death.

3. COSTS—ALLOWANCE AGAINST ADMINISTRATORS.

An action on a life policy, begun by the assignee thereof, into which the administrator of insured was brought on an order of interpleader obtained by the insurance company, being an equity action, in which award of costs is in the discretion of the court, and it not appearing that the administrator was guilty of any fault in resisting plaintiff's claim or in laying claim to the fund, and the policy of the law not to make personal representatives liable for costs being shown by Code Civ. Proc. §§ 1835, 1836, costs should not be awarded against the administrator.

Appeal from Special Term, New York County.

Action by Frieda Von Schuckmann against Walter R. Heinrich, administrator of Herman O. Heinrich, deceased. From a judgment for plaintiff on a decision after trial, defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

David B. Simpson, for appellant.
James A. Speer, for respondent.

HATCH, J. On the 7th day of April, 1900, the John Hancock Mutual Life Insurance Company of Boston, Mass., issued a policy of life insurance upon the life of Herman O. Heinrich in the sum of $2,500, payable to his executors or administrators upon satisfactory proof of his death. On the 14th day of August, 1900, the said Heinrich executed and delivered to the plaintiff an instrument in writing, under his hand and seal, assigning the proceeds of said policy, upon his death, to her. Said assignment was executed in duplicate upon blank forms furnished by the insurance company, and under the rules of the company; one copy being filed in its office, and the other given to the plaintiff as aforesaid. After the death of Heinrich the plaintiff made demand upon the insurance company for payment of the policy to her, and, payment being refused, she commenced an action against the company to recover the amount secured to be paid by the policy. The defendant also made claim to the proceeds of the policy to the company, and the latter, admitting liability to pay, made a motion to obtain an order of interpleader, which motion was granted, and the defendant was brought into the action as a party, and the insurance company, pursuant to the order of interpleader, paid into court, to the credit of the action, the sum secured to be paid by the policy. The answer of the defendant averred, inter alia, that the assignment held by the plaintiff was procured by fraud and misrepresentation practiced upon the deceased, which avoided the same, and that it was also void for lack of consideration. The recital in the assignment was, "In consideration of natural love and affection, I hereby assign and transfer unto Frieda von Shuckmann my intended wife." The proof upon the trial tended to establish that, for some time prior to the time when Heinrich procured the policy to be issued upon his life, he was paying his addresses to the plaintiff, and had made a proposal of marriage to her, which was not accepted. He continued, however, to call upon

the plaintiff, and the parties made a conditional engagement, which depended upon the state of plaintiff's affection for Heinrich, which, in substance, was that, if she could bring herself to think that she could bestow upon the deceased the love and affection which she thought should go with a promise to marry, she would accept his proposal. It appears that she never was able to bring the state of her affections to that point, and so notified the deceased of her inability to accept the proposal, accompanied by the statement that she loved another, and could not marry him. This notification was contained in a letter written to the deceased after the assignment had been made. He accepted the determination as final, acquiesced therein, and evidently continued to regard her with affection, and to respect her for what she had done for him in forming his character. He made no demand upon her for a return of the assignment, and the record contains no suggestion of any expectation or desire upon his part that the same would or should be returned to him. It is not claimed that there was anything illegal in the deceased insuring his life for the benefit of the plaintiff, or but that he had legal right to make a gift of the policy to the plaintiff, and invest her with title thereto, and right to enforce the same upon his death. The court, in its finding, negatived the claim of fraud upon the part of the plaintiff in procuring the assignment, and found that the delivery of the assignment to the plaintiff constituted a gift of the policy to her, and awarded judgment in her favor. The evidence sustained the finding that there was no fraud in the transaction. The deceased fully understood what he did, and he had an abundance of opportunity after the plaintiff had made her final decision not to marry him to have procured a return of the assignment to him, if he had the legal right to have it returned, or otherwise to disavow his act. He did neither, but, with full knowledge of all the facts, permitted the transaction to stand as originally consummated. It is not necessary to determine whether the proof disclosed all of the elements constituting a good gift inter vivos. The assignment vested in the plaintiff the legal title to the policy, and resort may be had to any evidence in support of the validity of the assignment disclosed by the testimony. The assignment itself was under seal and was acknowledged. Presumptively, therefore, a valid consideration was established, and the onus was upon the defendant to overthrow this presumption by proof. Home Ins. Co. v. Watson, 59 N. Y. 390; Torry v. Black, 58 N. Y. 185; Code Civ. Proc. § 1840. No proof whatever was offered to overcome this presumption, and, for aught that appears in this record, the plaintiff gave an adequate consideration, which was quite independent of love and affection or of mutual respect. We think, therefore, that the plaintiff showed herself entitled to receive the proceeds of the policy.

We are of opinion, however, that the judgment should be modified by allowing to the defendant the sum of $40 premium which he paid upon the policy after the death of the deceased. This premium was due prior to his decease, and was required to be paid. It constituted, therefore, a proper allowance to be made to the defendant from the recovery. We also think that the costs and the extra al-

lowance should not have been awarded against the administrator personally. It does not appear that he was guilty of any fault in resisting the claim of the plaintiff, or in laying claim to the fund. While sections 1835 and 1836 of the Code of Civil Procedure are not technically applicable to this case, because the judgment, except for costs, does not proceed against the administrator, yet these sections show the policy of the law with respect to the liability of the personal representatives for costs, and, as this is an equity action, the award of costs was within the discretion of the court; and, in view of all the circumstances, we think that no costs should have been awarded against this defendant.

The judgment should therefore be modified in these respects, and, as modified, affirmed, without costs of this appeal to either party. All concur.