celed, and upon the return of said order and upon the motion of counsel for both the plaintiff and the defendant Capstick the court granted an order canceling and annulling said lease. From said order the tenant appeals.

Whatever control the court may have over the action of a receiver appointed by it, it does not seem that it should extend so far as to authorize the summary cancellation of a written lease, which, under the provisions of the order appointing him, the receiver had power to make. The lease was made to the same tenant whom he found in possession and who seems for five years to have been acceptable to the owners, at the same rental theretofore paid to them. It was made after negotiations, in consideration of the condition of the building as to repairs, upon the statement that, if the lease was not made, the tenant would vacate, as he had a right to do, and upon the inducement that he would expend a considerable amount for the repairs. Upon the faith of the lease when made the tenant acted by making the repairs and by obligating himself for large sums of money for the continuance of his business at the said place. The court was without power summarily to deprive him of his property and rights.

If an action had been brought in equity to set aside the lease for any reason cognizable in equity, the tenant would have been entitled to show the acts done by him in good faith and reliance thereon and to receive equitable consideration in regard to amounts expended and obligations incurred.

Nor does the claim that the receiver leased the whole premises when, by order of his appointment, he was the receiver of only nine-tenths undivided part thereof, appeal to us as a ground for sustaining this order. That may be for consideration between the owners as to the apportionment of the rent received, but is no ground for a summary cancellation of the lease.

The order appealed from should be reversed, with $10 costs and disbursements to the appellant Sherwood, and the motion denied, with $10 costs. All concur.

---

(117 App. Div. 321)

## In re PARSONS' ESTATE.

(Supreme Court, Appellate Division, Third Department. January 9, 1907.)

TAXATION—TRANSFER TAXES—ASSIGNMENT OF LIFE POLICIES.

A transfer is not by death or by an assignment to take effect in possession or enjoyment at the death of decedent, so as to be liable to the transfer tax, under Tax Law, Laws 1896, c. 908, p. 868, § 220, as amended by Laws 1897, c. 284, p. 150, where one having two policies on his life, payable on their face to his estate, and one of them payable to him if he lived 20 years, which cash payment in case he lived that long he reserved in his assignment, executed in duplicate assignments of the policies to his wife; one of which as required by the policies was filed with the company, the other being attached to the policies, which after the death of assured were found in his safe deposit box; the assignment being so executed that it may be assumed they were supported by an adequate consideration, and the deceased as against the state, seeking to collect a tax, not being possessed of the policies at his death.

Appeal from Surrogate's Court, Albany County.

In the matter of the appraisal of the estate of John D. Parsons, Jr., deceased, under the acts relating to taxable transfers. From an order and decree of the surrogate (101 N. Y. Supp. 430) confirming the appraisal of the property of said estate under said law, the Comptroller appeals. Affirmed.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Robert E. Steele, for appellant.

Charles J. Buchanan (Robert E. Whalen, of counsel), for respondent.

JOHN M. KELLOGG, J. With reference to the stocks and the policy of insurance in the New England Mutual Life Insurance Company, the determination of the surrogate is so clearly right that it is unnecessary to discuss those subjects.

With reference to the two policies in the Connecticut Mutual Life Insurance Company, the determination requires consideration. Those policies, upon their face, were payable to Mr. Parsons' estate. At his death they were found in his safe deposit box. Attached to each policy was an assignment of it (dated October 31, 1903), in consideration of love and affection, to his wife, if she survived him; otherwise to his estate. One policy was payable to the assured if he lived 20 years, and in the assignment he reserved the cash payment if he lived for that period. The assignments were executed in duplicate upon blanks furnished by the company, one of which duplicates was filed with the company as required by the policy. The company paid the amount of the policies to the assignee January 7, 1905; both assuming that the assignments transferred valid title to the policies.

The Comptroller now contends that under section 220 of the tax law (chapter 908, p. 868, Laws 1896, as amended by chapter 284, p. 150, Laws 1897) a tax is payable upon the transfer of those policies upon the theory that the transfer was (1) by death, or (2) by an assignment to take effect in possession or enjoyment at the death of the decedent. No one interested in the decedent's estate or who had any claim upon him questions the validity or effect of the assignments. The Comptroller alone objects. The assignments were witnessed by a subscribing witness and are under seal, and permit us to assume that they are supported by an adequate consideration. Von Schuckmann v. Heinrich, 93 App. Div. 278, 87 N. Y. Supp. 673. We therefore are not required to treat the assignments as an attempted gift. At the time of the assignments the only parties to the contracts, and the only persons interested in them, were the insured and the company. The company was interested in having a proper risk and to see that its premiums were paid. Its only interest in the beneficiary was to know with certainty to whom the money is to be paid. The insured was principally interested in the beneficiary, as he was paying his money for a benefit to be received after his death by some one in whom he was interested. At the time the policies were obtained the insured could have directed the benefit to be paid to any one he desired, and he

had the right with the consent of the company at any time to change the beneficiary as he might desire, so long as no other person had any property interest in the insurance. When he made the assignment and the duplicate assignments were filed with the company, no one having any conflicting interest, it was equivalent to a change of designation, and was considered by him and the company as such. And it may here be given the same force and effect as though the indorsement had been made upon the policy by the parties thereto that such change was made.

It is assumed by the appellant that the assignor lodged the duplicate assignments with the insurance company. The evidence does not show whether this was done by the assignor or the assignee. There is nothing to show that the assignee herself did not cause the duplicates to be filed with the company. The assignment is found with the company, where the policy required it to be. and where we would naturally expect to find it. The only thing throwing any doubt upon the title of the assignee is that the policies were found, with the duplicate assignments attached, in the decedent's safety deposit box. That is not to be wondered at when we remember that the assignee was the wife of the insured, and that he might naturally have the custody of her papers. The state cannot hang a tax upon that circumstance when other facts so clearly point to the rights of the widow.

A policy of insurance differs from other contracts, as it is not ordinarily intended to bring a benefit to the insured himself, but to others after his death. If this were a conflict between parties having mutual claims upon the insured, or having conflicting interests by assignment or otherwise, the question might require more serious consideration; but as against the state seeking to collect a tax from the beneficiary, and thus deprive her of a part of the insurance money, I think the deceased was not possessed of the policies at the time of his death, and that the widow did not obtain title to them through his will or by laws of the state. The statutes of this state favor and encourage insurance for the benefit of a wife, and the state is at a disadvantage when it seeks to tax such a provision for her when the company and all others recognize her right to the benefit intended. This is not a case of an assignment "intended to take effect in possession or enjoyment at or after such death," as mentioned in the statute. It was an absolute present assignment of the interest of the assignor in the policy. But the policy was payable at his death, and therefore the assignment provided that it was payable to her if she survived him. The assignment of a policy of insurance payable only after the death of the insured differs from the assignment of a chose in action, which is payable at some particular time. It is quite usual in insurance policies that the beneficiary is named as such if she survives the insured. But that does not make it, within the meaning of the tax law above cited, a provision to take effect after the death of the assured. She obtains an immediate title and right to enjoy the moneys when they become payable as death losses. Her title might be defeated by her death during his lifetime.

In Hurlbut v. Hurlbut, 49 Hun, 189, 1 N. Y. Supp. 854, an assign-

ment of a policy in substantially the same form as this was left with the company, and a letter written to the assignee, the sister of the assured, stating that it had been assigned. It was held that the assignment was effectual as against the creditors of the insured. In Phipard v. Phipard, 55 Hun, 433, 8 N. Y. Supp. 728, the assured attached to the policy an assignment to his children and deposited it with a safe deposit company and spoke of the policy as belonging to the children. Held that he was a trustee for the children. In Grogan v. U. S. Industrial Ins. Co., 90 Hun, 521, 36 N. Y. Supp. 687, the insured executed a paper requesting and authorizing the company in case of his death before the death of the plaintiff to pay the moneys to her. The instrument was filed in the county·clerk's office, and it was held to be a legal assignment. In McDonough v. Ætna Life Ins. Co., 38 Misc. Rep. 625, 78 N. Y. Supp. 217, it was held that filing an assignment by the insured with an insurance company was a valid transfer of the policy.

I am satisfied that no transfer tax is assessable on account of these policies, and that the decree of the surrogate should be affirmed, with costs. All concur.