Matter of the Estate of HENRY L. EINSTEIN, Deceased.

(Surrogate's Court, New York County, February, 1921.)

**Transfer tax — transfers in contemplation of death — insurance (life) — assignments — Tax Law, § 220.**

Where decedent, three days before he died, and aware that he had but a short time to live, assigned to his son-in-law certain life insurance policies, which in their original form would have been taxable as part of his estate, it will be held that the assignments were "made in contemplation of death"

within the meaning of section 220 of the Tax Law, and they are subject to a transfer tax on the amount actually received by the beneficiary, discounted as of the date of the assignments.

APPEAL from an order assessing the transfer tax.

. Goldsmith, Cohen, Cole & Weiss (Robert E. Samuels, of counsel), for executors.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for state comptroller.

COHALAN, S. This appeal is taken by the executor and executrix of the estate of the above-named decedent from the order fixing the transfer tax, on the ground that four policies of life insurance of the face value of $283,257.24 were reported by the appraiser as taxable in that amount. The policies when issued by the company were made payable to the estate of decedent. Three days before he died he assigned them to his son-in-law. He had submitted to three operations for cancer, from which he died on February 28, 1918, at the age of sixty-eight years. He had been under the constant care of a physician and nurse since the first operation was performed in August, 1916, and had been confined to his bed for a month and a half previous to his death. At the time of the execution of the assignments his physical condition, as disclosed by the testimony taken before the transfer tax appraiser, was such that he must have been aware that he had but a short time to live. It is significant that the usual form of changing the beneficiaries in the policies was not followed because of the length of time which the adoption of this course would have involved. The proceeds of the policies in their original form would have been taxable as part of the assets of the estate of decedent. *Matter of Knoedler,* 140 N. Y. 377.

Surrogate's Court, New York County, February, 1921. [Vol. 114.

If no evasion of the imposition of the transfer tax had been intended the decedent could have made the gift to his son-in-law with much less effort and inconvenience by executing a codicil to his will bequeathing the avails of the policies to him. The appellants contend that even conceding the assignments to have been executed by decedent apprehending the near approach of death the proceeds are not taxable. Two classes of transfers during life are declared by section 220 of the Tax Law to be taxable — (1) those which are "made in contemplation of the death of the grantor, vendor or donor," and (2) those which are "intended to take effect in possession or enjoyment at or after such death." The beneficiary designated in an insurance policy when issued or a subsequent assignee acquires an interest at the time of the issuance or assignment which is not a gift "intended to take effect in possession or enjoyment at * * * death." *Matter of Parsons,* 117 App. Div. 321. In the present case, however, the decedent by the assignments to his son-in-law transferred interests or claims of value which, in my opinion, were made "in contemplation of death" and are taxable. The appraiser has fixed the value of the policies at the amount received by the beneficiary. The appellants claim that the surrender value at the date of the assignment is the taxable amount. I do not agree with the latter contention. The surrender value, as provided in the contract of insurance, is the price agreed to be paid by the particular corporation issuing the policy in case it is surrendered by the assured. Such consideration does not establish the market value. The true value was not capable of determination at the date of the assignments. It appears that the assignee and beneficiary actually received the sum of $283,257.24. This sum discounted as of the date of the assignments represents the value

of the gift transferred. Since, however, the tax on the amount by which the proceeds would be diminished by the discount for three days is so small as to be negligible, the value determined by the appraiser is approved. The order fixing tax will be affirmed.

Order affirmed.